# United Electrical Radio and Machine Workers of America Local 235 *v.* Union Manufacturing Company

Baldwin, Daly, King, Murphy and Mellitz, Js.

Argued April 8—decided May 7, 1958

*Jose M. Calhoun,* for the appellant (defendant).

*Samuel Gruber,* for the appellee (plaintiff).

BALDWIN, J. The plaintiff, a labor union local, and the defendant company, which employed the plaintiff's members, entered into a collective bargaining agreement on November 4, 1955. It provided that either party could reopen the agreement once for the purpose of discussing wages or group insurance or both. The agreement was to become effective upon its date and was to remain in force for one year "and thereafter for successive yearly periods unless notice is given by either party to the other at least sixty (60) days prior to the expiration of any such annual period of its desire to modify, amend or terminate at the expiration of the annual period, within which such notice is given." Any grievance not settled in a grievance procedure and "involving interpretation or application of the terms" of the agreement could be submitted to arbitration, the panel to be composed of three arbitrators. The agreement contained this specific statement with reference to the power of the arbitrators: "The decision of this panel shall be final and binding on both the Employer and the Union provided that full legal rights of the parties in the courts shall not be restricted in any way. The Arbitration Panel shall not modify, alter, add to or subtract from the provisions of this contract." In April, 1956, the plaintiff exercised its right to reopen the contract for a discussion of wages and group insurance. The par-

ties reached a settlement, and the agreement continued in force for a second annual period ending on November 4, 1957. In April, 1957, the plaintiff requested a reopening of the contract and the defendant refused. Thereupon the parties, acting under the provisions of the contract, submitted the following issue to arbitration: "Under . . . the Agreement dated November 4th, 1955, does the Union have the right to reopen the Agreement for the negotiation of wages and/or group insurance as of April 1, 1957?" The award, concurred in by a majority of the three arbitrators, was that the plaintiff did "not have the right to reopen the agreement for the negotiation of wages and/or group insurance as of April 1, 1957." The plaintiff made an application to the Superior Court to have the award vacated.

The submission called upon the arbitrators for a construction of the provision of the agreement relating to the right of the plaintiff to reopen it. The award construed this provision to allow only one reopening within the duration of the contract. The trial court concluded that the award was "in strict conformity with the submission." It also concluded that the construction given to the provision by the arbitrators was "contrary to law," and it vacated the award.

The crucial issue on this appeal is not whether the arbitrators' construction of the contract provision was, as a strictly legal construction, the correct one. It is, rather, whether the arbitrators had the power to interpret the legal effect of the provision. The powers of arbitrators are fixed by the terms of the submission. *New Britain Machine Co.* v. *Lodge 1021,* 143 Conn. 399, 404, 122 A.2d 786, and cases cited. Parties to an arbitration may make a restricted or an unrestricted submission. *Chase Brass & Copper*

Co. v. *Chase Brass & Copper Workers Union,* 139 Conn. 591, 595, 96 A.2d 209. If the submission is unrestricted, arbitrators are not required to decide "according to law." Ibid.; *Liggett* v. *Torrington Building Co.,* 114 Conn. 425, 432, 158 A. 917; *Park Construction Co.* v. *Independent School District,* 216 Minn. 27, 32, 11 N.W.2d 649; *In re Estate of Reynolds,* 221 N.C. 449, 452, 20 S.E.2d 348; *Matter of Spectrum Fabrics Corporation, (Main Street Fashions, Inc.),* 285 App. Div. 710, 714, 139 N.Y.S.2d 612, aff'd, 309 N.Y. 709, 128 N.E.2d 416; *Wark & Co.* v. *Twelfth & Sansom Corporation,* 378 Pa. 578, 583, 107 A.2d 856; Sturges, Commercial Arbitrations & Awards, § 218. This is so, as pointed out in *Liggett* v. *Torrington Building Co.,* supra, because arbitrators are customarily chosen for their special knowledge and skill in the matter in dispute and they are expected to settle the questions presented to them in the light of their peculiar qualifications.

This action is an application under General Statutes § 8161 for the vacation of an award. The statute allows the court to vacate an award "if the arbitrators shall have exceeded their powers." To demonstrate that the arbitrators exceeded their powers, the plaintiff relies upon the clause in the agreement quoted heretofore to the effect that any award shall be final "provided that full legal rights of the parties in the courts shall not be restricted in any way." It is necessary to construe this provision as it bears upon the submission and to determine whether it renders the arbitrators powerless to make a final decision, binding on both parties, in the instant matter. Our courts favor arbitration as a means of settling differences and uphold the finality of awards except when an award clearly falls within the proscriptions of General Statutes § 8161. *Colt's Industrial Union*

v. *Colt's Mfg. Co.*, 137 Conn. 305, 309, 77 A.2d 301; *Local 63, Textile Workers Union* v. *Cheney Bros.*, 141 Conn. 606, 612, 109 A.2d 240. This is especially true in employer-employee relations, where labor-management contracts almost universally provide for a grievance and arbitration procedure to secure the speedy disposition of disagreements which the parties anticipate will arise. In the instant case, the collective bargaining agreement was renewable annually, automatically, and the parties clearly intended a speedy and an early final disposition of their differences. If the construction of the agreement which the arbitrators were specifically asked to make must be reviewed by the courts, the award would be only the beginning of litigation, contrary to the parties' purpose in agreeing to arbitration. The clause relied upon does no more than enable either party, by the terms of a specific submission, to qualify that submission. It does not operate as a general restriction on every submission, thus allowing the losing party to seek a vacation of every award on the claim that the arbitrators had mistaken the law and by so doing had exceeded their powers. By the terms of the agreement, arbitration is permissive, not mandatory. The parties themselves control the form in which a submission is made. In this case, the submission clearly required the arbitrators to interpret the clause in question. The plaintiff cannot now complain that the arbitrators exceeded their powers when they decided precisely the question submitted. Furthermore, the phrase "full legal rights . . . in the courts" means no more than those rights which the law will recognize. The law does not recognize the right to question an award made clearly within the terms of the submission, as the trial court found this award was, on the ground that

the arbitrators were powerless to make it. This case is clearly distinguishable from *Chase Brass & Copper Co.* v. *Chase Brass & Copper Workers Union,* 139 Conn. 591, 96 A.2d 209, upon which the plaintiff relies. In that case the contract provided that the award should be final and binding "providing it is not contrary to law." That phrase qualified every submission.

There is error, the judgment is set aside and the case is remanded with direction to render judgment, upon the defendant's motion, confirming the award.

In this opinion the other judges concurred.