DIANA L. VON LANGENDORFF *v.* FRANCES M. RIORDAN, EXECUTRIX (ESTATE OF THOMAS J. RIORDAN), ET AL.

FRANCES M. RIORDAN, EXECUTRIX (ESTATE OF THOMAS J. RIORDAN), ET AL. *v.* DIANA L. VON LANGENDORFF

BALDWIN, C. J., KING, MELLITZ, SHEA and ALCORN, Js.

Argued May 4—decided July 19, 1960

*John W. Boyd,* for the appellant (plaintiff in the first case and defendant in the second).

*Robert B. Devine,* for the appellee (named defendant in the first case and named plaintiff in the second).

SHEA, J. These two cases arose as a result of an award made by arbitrators in connection with a dispute between the parties over their respective rights and obligations under a building contract.

In May, 1954, Diana Langer von Langendorff, hereinafter called the owner, and Thomas J. Riordan, hereinafter called the contractor, entered into an agreement for the construction of a dwelling on land in Westport. Thereafter, the contractor began work under the agreement. In November, 1954, the parties terminated their contract by mutual consent. In January, 1955, they entered into a new contract wherein they agreed to reinstate the contract of May, 1954, subject to certain changes and alterations. Under the terms of the new contract, the work was to be completed on or before May 15, 1955. The contractor left the job on July 3, 1955, claiming that he had been unable to finish it before the time limited because of the owner's interference and

lack of co-operation. He maintained, nevertheless, that the work had been substantially completed. Each party claimed damages from the other for breach of contract. The dispute was submitted to arbitrators pursuant to article 40 of the general conditions of the contract. On October 3, 1958, the arbitrators made their award. The contractor died during the course of the arbitration proceedings, and the executrix of his estate was substituted as a party.

The first case was instituted by the owner, who filed a motion to vacate or modify and correct the award. The executrix entered a special appearance and filed a plea in abatement which was overruled. She then filed an answer denying the allegations in the owner's bill of particulars. The court, after a hearing, denied the motion of the owner, and she has appealed. The second case was instituted by the executrix. She applied to the court for an order to confirm the award of the arbitrators. The court rendered judgment confirming the award, and the owner has appealed. The assignments of error filed by the owner in the two cases are identical. She claims that the arbitrators "exceeded their powers and so imperfectly executed them that a mutual, final and definite award in the subject matter submitted was not made," and that in making the award the arbitrators showed evident partiality toward the contractor.

No finding was made in either case. In support of her motion, the owner relied on General Statutes § 52-418, which provides in part that the award of arbitrators shall be vacated "(b) if there has been evident partiality or corruption on the part of the arbitrators or either of them; . . . (d) if the arbitrators have exceeded their powers or so imperfectly

executed them that a mutual, final and definite award upon the subject matter submitted was not made." It is the established policy of the courts to regard awards with liberality. Every reasonable presumption and intendment will be made in favor of the award and of the arbitrators' acts and proceedings. Hence, the burden rests on the party attacking the award to produce evidence sufficient to invalidate or avoid it. 6 C.J.S. 281, § 130; Sturges, Commercial Arbitrations and Awards, p. 549.

The owner asserts that the arbitrators failed to consider a claim by her that she had made an additional payment to the contractor. She assumes, because no specific reference was made to this item in the award, that the arbitrators failed to consider the item. There is no rule of law which requires arbitrators to make a finding of facts. The award must contain the actual decision which results from their consideration of the matter submitted to them. *In re Curtis-Castle Arbitration,* 64 Conn. 501, 513, 30 A. 769; Sturges, loc. cit. Ordinarily, the memorandum of an arbitrator is irrelevant. *American Brass Co.* v. *Torrington Brass Workers' Union,* 141 Conn. 514, 522, 107 A.2d 255. Here, reference to the award itself shows that the arbitrators gave credit to the owner for payments made under the contract. The owner claims that the additional payment was made on October 7, 1954, about one month before the parties terminated the first contract and the owner paid the contractor a specified sum to cover any balance due. In January, 1955, the parties made the new contract, and later, when they made their submission to the arbitrators, they each filed itemized bills. Not until April, 1958, long after the dispute had been submitted, did the owner claim that she was entitled to credit for the alleged ad-

ditional payment. Under these circumstances, the arbitrators were clearly justified in failing to make allowance for the payment. It is clear from the award, itself, that the claim was not overlooked.

The owner claims that the arbitrators exceeded their powers and showed partiality by making an allowance to the contractor for millwork. This item was included in the contractor's statement of claims, and the arbitrators were required to pass upon it. Apparently the parties would have us review the evidence considered by the arbitrators to determine the validity of the award. Courts are in uniform agreement that mistakes by arbitrators sufficient to constitute a cause for vacating their award are not established by a mere showing that the complaining party, or even the court, would have decided the matter differently. Sturges, op. cit., § 366, pp. 787, 788. In a review of a claim that an award should be set aside on the ground of partiality, no inquiry can be made into the arbitrators' determination on the merits. 6 C.J.S. 260, § 111. There is nothing in the record to indicate partiality in this case.

Even though the contract contained a firm price, the arbitrators were justified in making allowance to the contractor for extra work done. Provisions in a written contract requiring written orders for changes in the work or for extra work may be waived by the parties so that the owner becomes liable for changes or extras done by oral direction. *Wexler Construction Co.* v. *Housing Authority,* 144 Conn. 187, 193, 128 A.2d 540. Here, the arbitrators specifically found that the requirement of written orders had been waived.

In the second case, an application by the executrix for confirmation of the award was granted. Under § 52-417, unless the award has been vacated, modi-

fied or corrected, the court is required to enter an order confirming the award.  Since the owner's motion to vacate the award was denied, the court did not err in rendering judgment in the second case as it did.

There is no error in either case.

In this opinion the other judges concurred.