INTERNATIONAL UNION, UNITED AUTOMOBILE, AERO-
SPACE AND AGRICULTURAL IMPLEMENT WORKERS
OF AMERICA, LOCAL 133 U.A.W., A.F.L.–
C.I.O. *v.* FAFNIR BEARING COMPANY

KING, C. J., MURPHY, ALCORN, COMLEY and HOUSE, Js.

Argued May 6—decided May 26, 1964

*William S. Zeman,* for the appellant (plaintiff).

*Lucian E. Baldwin,* for the appellee (defendant).

House, J. The plaintiff union, pursuant to § 52-418 of the General Statutes, applied to the Superior Court to have an arbitration award vacated on the ground that the arbitrator either exceeded his powers or so imperfectly executed them that a final and definite award was not made. The defendant company filed a cross application pursuant to §§ 52-417 and 52-419, asking that the award either be confirmed or be modified or corrected and then confirmed. The union's application was denied. The cross application of the company was granted by correcting the arbitration decision and confirming it as corrected. From this decision the union has appealed.

The finding is not subject to any material correction. It appears that the basic controversy arose when the company utilized 94.5 man-hours of work by outside contractors in addition to the labor of regular company employees in the project of converting a production floor to office space. The union claimed that in so doing the company violated the collective bargaining agreement between them by not using company employees on an overtime basis to complete the project. Pursuant to the provisions of the bargaining agreement, a formal grievance, designated as No. 62-96, was filed by the union and processed through three steps of grievance procedure without settlement, whereupon the grievance

was referred to an arbitrator for decision. At the outset of the arbitration hearing, the parties stipulated that the issues presented by the grievance should be resolved by the answers of the arbitrator to two questions: "Did the Company violate the agreement of 2/16/62 including but not limited to Articles I, II, V, VII by having certain electrical work performed by an outside contractor instead of certain bargaining unit employees in the week beginning July 23, 1962? If so, to what remedy are these employees entitled?" The written grievance was introduced into evidence at the arbitration hearing by the union.

The arbitrator subsequently rendered a seven-page "Arbitration Decision, Grievance 62-96," which began with a recital of the two questions submitted and concluded with the words "DECISION—Grievance No. 62-96 is denied." On the company's cross aplication, the court corrected the award to read as follows: "Decision. Grievance No. 62-96 is denied. The answer to Question No. 1 as submitted is 'No.'" As thus corrected, the award was confirmed.

The union claims that the trial court erred in thus correcting and confirming the award under §§ 52-417 and 52-419 and in refusing to vacate it under § 52-418. It is contended by the union that the award is incomplete because the arbitrator answered only the second question submitted and failed to answer the first question. It is further contended that it was improper for the court to use the arbitrator's opinion to interpret the award because, it is asserted, the opinion was erroneously admitted as an exhibit and is not part of the award. It is the company's position that the award is sufficiently clear and definite by its own terms, and, if there were any doubt, the opinion was properly admitted in evidence and

could be examined by the court in order to make any correction which was formal in nature and which would not affect the merits of the controversy.

Under the circumstances, and even without an examination of the arbitrator's memorandum of decision, there can be no doubt as to the meaning of the language of the award that "Grievance No. 62-96 is denied." As the union's counsel candidly admitted to the trial court: "Of course, I understand and the union understands when the arbitrator says 'Grievance 62-96 is denied.' We were very much aware of the fact that we lost the case." Although the first question submitted was not answered by a simple "No," the meaning of the words of the award is clear, final and definite. The employees' claimed grievance being denied, it is obvious that they were not entitled to any remedy and hence that no further answer was required by the submission. It is thus our view that the court properly could have confirmed the award as it was rendered by the arbitrator and granted the alternative claim in the company's cross application that the award in that form be confirmed under § 52-417. Particularly is this so in the light of the well-established principle that arbitration is a favored procedure and courts will uphold the finality of awards except when an award clearly falls within the proscriptions of § 52-418. *United Electrical Radio & Machine Workers* v. *Union Mfg. Co.*, 145 Conn. 285, 288, 141 A.2d 479; *Colt's Industrial Union* v. *Colt's Mfg. Co.*, 137 Conn. 305, 309, 77 A.2d 301. Courts should be extremely reluctant to interfere with the decisions of arbitrators in the field of labor-management relations where arbitration is to be encouraged as a means of promoting tranquility and the prompt and equi-

table settlement of disputes. *United Steelworkers* v. *Enterprise Wheel & Car Corporation*, 363 U.S. 593, 596, 80 S. Ct. 1358, 4 L. Ed. 2d 1424; *United Steelworkers* v. *Warrior & Gulf Navigation Co.*, 363 U.S. 574, 578, 80 S. Ct. 1347, 4 L. Ed. 2d 1409; *Local 63, Textile Workers Union* v. *Cheney Bros.*, 141 Conn. 606, 613, 109 A.2d 240, cert. denied, 348 U.S. 959, 75 S. Ct. 449, 450, 99 L. Ed. 748.

Since, however, the court did modify the award by adding the sentence, "The answer to question No. 1 as submitted is 'No,'" we consider whether that modification was proper under the authority of § 52-419, which permits a modification or correction "if the award is imperfect in matter of form not affecting the merits of the controversy." We conclude that the modification was proper. It was simply the addition of clarifying language to state expressly what was already obvious. The addition was merely technical and formal in nature.

There was no error in the ruling of the court admitting as an exhibit the arbitration decision. It is true that the award rather than the finding and conclusions of fact controls and, ordinarily, the memorandum of an arbitrator is irrelevant. *American Brass Co.* v. *Torrington Brass Workers' Union*, 141 Conn. 514, 522, 107 A.2d 255; *Von Langendorff* v. *Riordan*, 147 Conn. 524, 527, 163 A.2d 100. There is no legal doctrine, however, which dictates the exclusion of an arbitrator's opinion or which forbids its examination in the determination whether an award should be corrected under § 52-419 or whether an arbitrator in his award has demonstrated infidelity to his obligation. See *United Steelworkers* v. *Enterprise Wheel & Car Corporation*, supra, 597; *Hudson Wire Co.* v. *Winsted Brass Workers Union*, 150 Conn. 546, 553, 191 A.2d 557;

*Schoolnick* v. *Finman,* 108 Conn. 478, 481, 144 A. 41; see also Wellington, "Judicial Review of the Promise to Arbitrate," 37 N.Y.U.L. Rev. 471, 477.

There is no error.

In this opinion the other judges concurred.