GARY EXCAVATING COMPANY *v.* TOWN OF
NORTH HAVEN ET AL.

ALCORN, C. J., HOUSE, THIM, RYAN and SHAPIRO, Js.

Argued February 3—decided February 17, 1971

*John W. Barnett,* with whom was *Basil R. Duncan,*
for the appellants (defendants).

*Howard F. Zoarski,* for the appellee (plaintiff).

HOUSE, J. The plaintiff contracted with the de-
fendant town and its sewer commission, hereinafter
referred to as the defendants, for the construction of
sanitary sewer laterals. The contract contained a

provision for the arbitration of any disputed claims which should arise in the course of the performance of the work. A controversy arose from a claim by the plaintiff that it was compelled to incur unanticipated, additional expense in performing the work due to subsoil conditions which, the plaintiff claimed, differed from those contained in the information submitted to it for the purpose of preparing its bid. As provided by the contract, the plaintiff submitted its "Statement of Issues in Dispute,"[1] arbitrators were appointed and they conducted hearings. Following the hearings the arbitrators made an award. They found that the plaintiff had established that discrepancies existed between the information furnished by the defendants concerning subsoil conditions and the conditions actually encountered, that as a result the plaintiff had incurred a substantial additional expense beyond that anticipated from the information furnished by the defendants on which its bid was based, that this additional expense due to the conditions encountered amounted to $150,000, and, accordingly, awarded that sum to the plaintiff as additional compensation over and above the compensation provided by the terms of the contract.

The plaintiff, as permitted by General Statutes

[1] "1. Whether discrepancies existed between the information furnished by the Town of North Haven and upon which information a bid was submitted by Gary Excavating, Inc., which actual conditions represented by the bidding documents were different from those actually encountered in that the soil conditions were different from represented, and the water table was higher than represented, and water conditions existed where it was represented to be dry.

"2. Whether Gary Excavating, Inc. is entitled to additional compensation by reason of the different conditions found to exist and which compelled the contractor to incur substantially greater expenses for dewatering, additional excavation, replacement of additional pavement, lost time in laying pipe, the installation of additional crushed stone for installing pipes, and other expenses directly related to the additional expenses incurred as a result of difference in conditions."

§§ 52-418 and 52-419, filed in the Superior Court an application to vacate "and/or" correct the arbitration award. The court concluded "that said award is ambiguous, indefinite and improperly executed in that it does not constitute a mutual, final and definite award upon the subject matter submitted and as a result is void", and judgment was rendered vacating the award. From that judgment the defendants have appealed.

The court heard no evidence and properly made no finding. The record on appeal consists only of the application to vacate the award, the submission, the defendants' statement of issues and their position submitted to the arbitrators, the award, the court's memorandum of decision, the judgment and the assignment of errors. In such circumstances we may turn to the memorandum of decision to learn the basis for the court's decision. *Donohue* v. *Zoning Board of Appeals,* 155 Conn. 550, 553, 235 A.2d 643; *National Broadcasting Co.* v. *Rose,* 153 Conn. 219, 226, 215 A.2d 123. We find no aid here, however, for the memorandum of decision sheds no light on the reasons for the conclusion of the court that the award was ambiguous, indefinite and improperly executed.

In these circumstances we can only examine the submission and the award to determine whether the award is in conformity with the submission so as to constitute a mutual, final and definite award upon the subject matter submitted. "It is the established policy of the courts to regard awards with liberality. Every reasonable presumption and intendment will be made in favor of the award and of the arbitrators' acts and proceedings. Hence, the burden rests on the party attacking the award to produce evidence sufficient to invalidate or avoid it. 6 C.J.S. 281,

[Arbitration and Award], § 130; Sturges, Commercial Arbitrations and Awards, p. 549." *Von Langendorff* v. *Riordan,* 147 Conn. 524, 527, 163 A.2d 100. The arbitrators are only required to render an award in conformity to the submission and an award need contain no more than the actual decision of the arbitrators. The means by which they reach the award, unless the submission requires, is needless and superfluous. *New Britain Machine Co.* v. *Lodge 1021,* 143 Conn. 399, 404, 122 A.2d 786.

The submission in this case was a narrow and limited one. The questions submitted were answered by the award with precision and definiteness. The arbitrators found that discrepancies did exist between the information furnished by the defendants concerning subsoil conditions and conditions actually encountered in the course of the work, and that the plaintiff had proved by the evidence submitted to the arbitrators that as a result it had incurred additional expense in the amount of $150,000. That is the sum which the arbitrators awarded. Nothing more was required by the submission. If the plaintiff had further or other claims or questions for decision they should have been included in the submission. As it stands the award is a definite answer to the claims as submitted and we find nothing in the record to support the contrary conclusion of the trial court that the award was ambiguous, indefinite or improperly executed.

There is error, the judgment is set aside and the case is remanded with direction to render judgment confirming the award.

In this opinion the other judges concurred.