THE NORWICH ROMAN CATHOLIC DIOCESAN CORPORATION v. THE SOUTHERN NEW ENGLAND CONTRACTING COMPANY ET AL.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, JS.

Argued January 4—decided March 8, 1973

*Milton L. Jacobson,* with whom was *William R. Moller,* for the appellant (plaintiff).

*Martin S. Michelson,* with whom were *James Royster* and, on the brief, *Richard M. Feingold,* for the appellee (named defendant).

BOGDANSKI, J. On April 4, 1966, the defendant Southern New England Contracting Company, hereinafter called the contractor, entered into a written contract with the plaintiff, Norwich Roman Catholic Diocesan Corporation, hereinafter called the diocese, for the construction of a school building, including site work and a sanitary system. The contract provided for arbitration of any claims or disputes in accordance with the "Standard Form of Arbitration Procedure of the American Institute of Architects." That procedure specified that a party wishing to arbitrate should designate whether the arbitration should be administered under the above quoted authority and, if administered by the American Arbitration Association, that its rules should govern. The contractor applied to the American Arbitration Association for arbitration. Accordingly, three arbitrators were appointed and they held extensive hearings on the matters submitted.

The following dispute was submitted for arbitration: (1) The diocese refused to classify as "mass rock" 23,372 cubic yards of excavated material which

was "in fact" mass rock and to pay for it at the agreed unit cost of $6.60 per cubic yard, for which the contractor claimed $154,255.20; (2) the diocese refused to pay for extra costs, labor, and materials necessitated by undisclosed and excessive water conditions, for which the contractor claimed $23,822.70; and (3) the diocese failed to make a final payment under the contract, exclusive of extra work, in the amount of $58,589.35. In addition, the contractor sought interest of 6 percent on the amount found due. Item three was abandoned in the arbitration proceedings. The arbitrators awarded the contractor (1) $134,607 for the excavation of 20,395 cubic yards of mass rock at $6.60 per cubic yard; (2) $20,577.77 for undisclosed and excessive water conditions; and (3) interest of 6 percent on the $20,577.77 award from November 13, 1967, to the date of the award. The diocese applied to the Superior Court in New London County to vacate the award. The contractor, in turn, applied for confirmation of the award. The referee to whom the case was referred, acting as the court, rendered judgment confirming the award. From that judgment the diocese has appealed to this court.

The diocese's first assignment of error, challenging the finding, has not been briefed and is treated as abandoned. *State* v. *Grayton,* 163 Conn. 104, 109, 302 A.2d 246, cert. denied, 409 U.S. 1045, 93 S. Ct. 542, 34 L. Ed. 2d 495; *State* v. *Benson,* 153 Conn. 209, 217, 214 A.2d 903. Its remaining assignments of error are directed to the referee's conclusions and his rulings on evidence and claims of law.

The referee found that the arbitrators were given broad powers under the rules of the American Arbitration Association, that § 30 of the rules provided that the arbitrators should be the judges of the ad-

missibility of evidence and that conformity to the legal rules of evidence was not necessary, and that § 42 of the rules provided that the arbitrators might grant any remedy or relief which they deem just and equitable and within the terms of the parties' agreement.

The referee concluded that the submission defined the authority of the arbitrators, that the arbitrators were not asked to interpret the contract, that the award conformed to the submission, and that it was not the function of the referee to review the evidence considered by the arbitrators to determine the validity of the award.

Our courts favor arbitration as a means of settling differences and uphold the finality of arbitration awards except where an award clearly falls within the proscriptions of § 52-418 of the General Statutes. *International Union* v. *Fafnir Bearing Co.,* 151 Conn. 650, 653, 201 A.2d 656; *United Electrical Radio & Machine Workers* v. *Union Mfg. Co.,* 145 Conn. 285, 288, 141 A.2d 479. That section provides as follows: "Vacating award. In any of the following cases the superior court . . . or, when said court is not in session, any judge thereof, shall make an order vacating the award upon the application of any party to the arbitration: (a) If the award has been procured by corruption, fraud or undue means; (b) if there has been evident partiality or corruption on the part of the arbitrators or either of them; (c) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; (d) if the arbitrators have exceeded their powers or so imper-

fectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

In seeking to vacate the award in this case under subsection (d) of the statute, the diocese contends that the arbitrators exceeded their powers in refusing to interpret paragraphs of the contract specifications concerning definitions of "mass rock" and "cross sectioning." The diocese also asserts that when it offered these documents as exhibits the referee improperly sustained the contractor's objection to them.

Charges that arbitrators have acted fraudulently or corruptly, or have been guilty of misconduct in refusing to hear pertinent evidence or of any other action prejudicial to the rights of any party are not cognizable under § 52-418 (d) and are properly brought under other subsections of § 52-418. As the diocese has made no claim under any subsection of § 52-418 other than § 52-418 (d), our review must be limited to the question whether the arbitrators exceeded their powers. "Every reasonable presumption and intendment will be made in favor of the award and of the arbitrators' acts and proceedings. Hence, the burden rests on the party attacking the award to produce evidence sufficient to invalidate or avoid it." *Gary Excavating Co.* v. *North Haven,* 160 Conn. 411, 413, 279 A.2d 543. We do not believe that the diocese has met its burden of proving that the arbitrators have exceeded their powers within the meaning of § 52-418 (d), nor do we believe that the referee, in determining whether they exceeded their powers, erroneously excluded the contract specifications from evidence.

Arbitration is a creature of contract and the parties themselves, by the agreement of submission,

define the powers of the arbitrators. *Connecticut Union of Telephone Workers, Inc.* v. *Southern New England Telephone Co.,* 148 Conn. 192, 197, 169 A.2d 646; *Niles-Bement-Pond Co.* v. *Amalgamated Local 405,* 140 Conn. 32, 36, 97 A.2d 898. As the parties set the limits on the arbitrators' powers, they are bound by the limits they have fixed. *Connecticut Union of Telephone Workers, Inc.* v. *Southern New England Telephone Co.,* supra. Thus, in deciding whether arbitrators have "exceeded their powers," as that phrase is used in § 52-418 (d), courts need only examine the submission and the award to determine whether the award conforms to the submission. *United Electrical Radio & Machine Workers* v. *Union Mfg. Co.,* 145 Conn. 285, 289, 141 A.2d 479; *New Britain Machine Co.* v. *Lodge 1021,* 143 Conn. 399, 404, 122 A.2d 786.

The submission in the present case was unrestricted, and the parties thereby empowered the arbitrators to decide both factual and legal disputes. *Connecticut Union of Telephone Workers, Inc.* v. *Southern New England Telephone Co.,* supra. Moreover, the parties by the unrestricted submission relieved the arbitrators of the obligation to follow strict rules of law and evidence in reaching their decision. *United Electrical Radio & Machine Workers* v. *Union Mfg. Co.,* supra, 288; *Liggett* v. *Torrington Building Co.,* 114 Conn. 425, 432, 158 A. 917. As was stated in the *Liggett* case, the normal expectation under such a submission is that the arbitrators, who are usually chosen because they possess special knowledge and skill in the subject matter of the dispute, will settle the issues presented to them in the light of their peculiar qualifications.

"The arbitrators are only required to render an award in conformity to the submission . . . . The

means by which they reach the award, unless the submission requires, is needless and superfluous. *New Britain Machine Co.* v. *Lodge 1021,* 143 Conn. 399, 404, 122 A.2d 786." *Gary Excavating Co.* v. *North Haven,* 160 Conn. 411, 414, 279 A.2d 543. Here, the award was clearly within the terms of the submission and the submission required no particular means for reaching the award. The diocese did not meet its burden of proving otherwise. The referee properly reached the conclusion that the award conformed to the submission and the arbitrators did not exceed their powers in rendering it. In resolving the claim that the arbitrators exceeded their powers under § 52-418 (d), thé referee was not required to review the evidence on which the award was based or to ensure that the judgment of the arbitrators was either factually or legally correct. See *Von Langendorff* v. *Riordan,* 147 Conn. 524, 528, 163 A.2d 100. It follows that the referee was not required to receive as evidence the contract specifications concerning definitions of "mass rock" and "cross sectioning." The referee's rulings excluding those documents cannot be disturbed.

The final claim is that the referee erred in failing to mark for identification certain volumes of transcript of the hearing before the arbitrators. "The court had no discretion to refuse such a request, because to allow such discretion would permit a trial judge to deprive an aggrieved party of a proper record for an appeal." *Duncan* v. *McTiernan,* 151 Conn. 469, 470, 199 A.2d 332. This error is, however, harmless, since our disposition of the major issue in the case renders the admissibility of the transcripts immaterial to this appeal.

There is no error.

In this opinion the other judges concurred.