THE COSTELLO CONSTRUCTION CORPORATION *v.* TEAM-
STERS LOCAL 559, THE CONSTRUCTION DIVISION OF
JOINT COUNCIL NO. 64 AND THE INTERNATIONAL
BROTHERHOOD OF TEAMSTERS, CHAUFFEURS,
WAREHOUSEMEN AND HELPERS
OF AMERICA

HOUSE, C. J., COTTER, SHAPIRO, LOISELLE and MACDONALD, JS.

Argued October 2—decision released November 26, 1974

*Norman Zolot,* for the appellant (defendant).
*James N. Royster,* for the appellee (plaintiff).

MACDONALD, J. The defendant, Teamsters Local
559, has appealed (1) from a judgment of the Supe-
rior Court granting the motion of the plaintiff, The
Costello Construction Corporation, to vacate an
arbitrator's award and (2) from the court's failure
to rule upon the question of the defendant's right to

counsel fees. The subject matter involved arose out of a labor dispute submitted to arbitration pursuant to a collective bargaining agreement between the parties, the relevant portions of which appear in the footnote.[1]

The facts giving rise to the dispute, as set forth in the finding which has been corrected by the addi-

---

[1] The relevant portions of article XVI of the collective bargaining agreement between the parties are as follows:

"1. . . . Any grievance arising between the Employer and the Local Union . . . shall be processed in the following manner:

Step 1: The aggrieved employee or employees must present the grievance in writing to the steward and to the Employer within three (3) working days after the reason for the grievance has occurred, specifying the nature of his grievance and the section of the contract he claims to be violated.

. . . . .

"3. Neither the Arbitration Committee nor the Umpire established hereunder shall have the power or authority to add to or subtract from or amend or alter any provision of this Agreement where the grievance involves the interpretation or application of any provision of this Agreement.

. . . . .

"8. In the event that either party should fail to meet the time limits set forth in this Article . . . the grievance shall be deemed settled in favor of the other party, unless the time limits herein have been waived by mutual written agreement between the Employer and the Local Union or Union so as to have the grievance heard at a regular monthly meeting of the Arbitration Committee.

. . . . .

"13. It is intended and agreed that the procedure herein established for the adjustment of grievances and disputes shall be the exclusive means for the determination of all grievances and disputes whatsoever, including the arbitrability of any grievance or dispute, and any claim based upon any alleged breach of the no strike, no lock-out pledges of this Agreement. Neither the Employer, the Association, the Union and/or Local Union shall institute any action or proceeding in court of law or equity, state or federal other than to compel arbitration or to correct, confirm, vacate, modify or secure enforcement of any award or decision of the Permanent Arbitration Committee and/or umpire. This provision shall be a complete defense to and also ground for a stay or any action or proceeding instituted by any party contrary to this Agreement."

tion of certain facts which the court properly should have drawn from the arbitrator's opinion,[2] are as follows: On June 26, 1969, Theodore Hansen was employed by the plaintiff as a driver, and was laid off from his job on January 21, 1970. Pursuant to the agreement between the parties, Hansen was entitled to be recalled to work before the plaintiff hired any new drivers. Beginning on April 27, 1970, the plaintiff hired new drivers without recalling Hansen, in violation of his rights under the agreement.

Hansen filed a grievance, protesting this violation, on July 16, 1970. The parties, unable to resolve the dispute, submitted it to arbitration as provided in their agreement. The submission to the arbitrator read as follows: "Did the Company violate the agreement by not recalling Mr. Theodore Hansen to work in 1970? If so, what shall be the remedy? Is the foregoing arbitrable?" After hearing testimony the arbitrator rendered the following award: "The Company had violated the Agreement by not recalling Mr. Hansen to work in 1970. Mr. Hansen

[2] The defendant assigns error in the court's failure to find certain facts from its draft finding which it alleges to be admitted or undisputed. Essentially, the additional facts sought by defendant are to be found in the opinion and award of the arbitrator which is printed in the appendix to the defendant's brief. The facts are not relevant to the scope of our review or to the determination of the question before us. We have them set forth for the limited purpose of illustrating the context of the original dispute. It was error for the court to substitute its own judgment as to what facts should have been found by the arbitrator or as to what conclusions should have been drawn. In the context of the motion to vacate, the court was bound to consider, according to the statutory guidelines, whether the award conformed to the submission and whether the arbitrator exceeded the power conferred by the agreement. If the court, in the context of its limited review, must examine the arbitrator's opinion or memorandum, it is bound by the facts and conclusions contained therein.

shall be compensated for the loss of earnings caused by this violation of the Agreement for the period of July 18, 1970 to August 22, 1970." The arbitrator did not explicitly state in his award that the matter was arbitrable. The plaintiff applied to the Superior Court for an order vacating the award. The defendant filed its answer and a motion to confirm the award. After a hearing the court granted the plaintiff's motion to vacate.[3]

The court concluded that the issue of whether the aggrieved employee had filed a timely and proper notice of the grievance, a condition precedent to arbitration of the merits of the grievance, was improperly determined by the arbitrator, and that the award thus was in violation of the terms of the agreement between the parties. Under that agreement,[4] the grievance was to be filed within three working days after the reason for its filing had occurred. The scope of judicial review of an arbitration award is limited by statute and by the contractual agreement between the parties. Where by the parties' agreement the question of arbitrability is clearly committed to the arbitrator for determination, the court is bound by the arbitrator's determination unless that determination clearly falls within the proscriptions of § 52-418 of the General Statutes, or procedurally violates the parties' agreement.

---

[3] The court made no ruling on the defendant's motion to confirm the award, although the obvious implication is that it was denied. Also, the court did not rule upon the defendant's right to recover counsel fees under the provisions of § 31-72 of the General Statutes which provides, in relevant part that "where an employee or a labor organization representing an employee institutes an action to enforce an arbitration award . . . such employee or labor organization may recover, in a civil action, the full amount of such wages, with costs and such reasonable attorney's fees as may be allowed by the court."

[4] See footnote 1, supra.

An arbitrator's fidelity to his duty is to be tested by comparing the award with the submission in order to determine its conformity thereto. *Norwich R. C. Diocesan Corporation* v. *So. N. E. Contracting Co.,* 164 Conn. 472, 477, 325 A.2d 274. This court frequently has stated that the award rather than the finding and conclusions of fact controls, and that, ordinarily, the memorandum of the arbitrator is irrelevant. *International Union* v. *Fafnir Bearing Co.,* 151 Conn. 650, 654, 201 A.2d 656; *Von Langendorff* v. *Riordan,* 147 Conn. 524, 527, 163 A.2d 100; *American Brass Co.* v. *Torrington Brass Workers' Union,* 141 Conn. 514, 522, 107 A.2d 255. The memorandum, however, may be examined in considering this question of the infidelity of the arbitrator to his obligation. As we stated in *International Union* v. *Fafnir Bearing Co.,* supra: "There is no legal doctrine, however, which dictates the exclusion of an arbitrator's opinion or which forbids its examination in the determination whether an award should be corrected under § 52-419 or whether an arbitrator in his award has demonstrated infidelity to his obligation."

The arbitrator's opinion contained the following: "In view of the conflicts in the testimony, and the nature of the evidence which prevents me from accepting one version as more substantiable [sic] than the other, I am inclined to consider the grievance as timely filed and properly in Arbitration. . . . Since I am not able to find with certainty that Hansen had actually known of the hiring of the other drivers before July 15, 'after the reason for the grievance has occurred,' *I conclude that the grievance was timely filed and properly in arbitration.* This approach is consistent with the established public interest of considering grievances as arbi-

trable unless expressly and unquestionably excluded from arbitral determination. Such express and unquestioned disqualification cannot be concluded from the state of the submitted evidence." (Emphasis added.)

" 'It is the established policy of the courts to regard awards with liberality. Every reasonable presumption and intendment will be made in favor of the award and of the arbitrators' acts and proceedings. Hence, the burden rests on the party attacking the award to produce evidence sufficient to invalidate or avoid it. 6 C.J.S. 281, [Arbitration and Award], § 130; Sturges, Commercial Arbitrations and Awards, p. 549.' *Von Langendorff* v. *Riordan,* 147 Conn. 524, 527, 163 A.2d 100. The arbitrators are only required to render an award in conformity to the submission and an award need contain no more than the actual decision of the arbitrators. The means by which they reach the award, unless the submission requires, is needless and superfluous. *New Britain Machine Co.* v. *Lodge 1021,* 143 Conn. 399, 404, 122 A.2d 786." *Gary Excavating Co.* v. *North Haven,* 160 Conn. 411, 413, 279 A.2d 543. The arbitrator clearly concluded that the grievance was timely filed and nothing in the record supports the court's conclusion to the contrary.

The court further concluded that the award did not conform to the terms of the submission, in failing explicitly to find that the matter was arbitrable. It was, indeed, expressly stated in the parties' agreement that the arbitrator was to decide the issue of arbitrability. Although the award did not specifically state that the matter was arbitrable, the fact that an award was rendered, coupled with the

language from the arbitrator's memorandum previously quoted, clearly indicates that the issue was resolved in favor of arbitrability. To find otherwise would be to exalt form over substance.

There is error, the judgment is set aside and the case is remanded with direction (1) to render judgment confirming the award and (2) to be proceeded with in making a ruling upon the defendant's right to counsel fees under the statute.

In this opinion the other judges concurred.