[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Administrative Residual Employees Union Local 4200-AFT/CSFT, AFL-CIO (hereinafter "Union") and the defendant State of Connecticut Department of Revenue Services (hereinafter "State Employer") are parties to a collective bargaining agreement covering wages, hours, and other terms and conditions of employment. The grievant is an employee of the Department of Revenue Services and a third party beneficiary of that contract. The grievant filed a grievance pursuant to the collective bargaining agreement maintaining that an unsatisfactory service rating dated December 22, 1994 constituted a second service rating for the 1993-1994 rating period in violation of the contract. The grievant had earlier received a notice of disciplinary action on November 18, 1994. That notice ultimately lead to a one day suspension without pay for the grievant. The grievant took the earlier suspension to arbitration before arbitrator Malcolm McDonald who found the suspension to be without just cause by award dated October 6, 1996.
The specific issue before arbitrator McDonald was:
 "Does the just cause provision of Article Fourteen of the collective bargaining agreement extend to discipline for performance shortcomings including, but not limited to, quality and quantity of performance? If not, what shall be the disposition of the matter?"
In his decision on the matter, McDonald made reference in his award to the November 18, 1994 "Notice of Disciplinary Action" as a "service rating".
The grievant also challenged a December 22, 1994 unsatisfactory "service rating." The second arbitration was held before Jeffrey M. Selchick. On February 1, 1999 the parties stipulated to the CT Page 2570 following threshold issue for the second arbitration:
 "Does the 12/94 service rating of claimant constitute a second service rating for the 93-94 rating period, if so, what shall be the remedy consistent with the P-5 agreement."
The arbitrator issued the following award on May 3, 1999:
 "AWARD The December 22, 1994, service rating of grievant did not constitute a second service rating for the 1993-94 rating period.
 The parties shall contact the arbitrator to make arrangements to proceed with arbitration of the merits of the grievance dated January 13, 1995, alleging contractual violations pertaining to the grievant's December 22, 1994 service rating."
From this award, the union filed the instant application to vacate on June 1, 1999 claiming that the award overturned the earlier arbitration award by arbitrator McDonald. The union claims that the earlier award dealt with the same issue presented here and resulted in a finding that the "service rating" violated the contract. The union claims that the state employer is collaterally estopped and that the decision of arbitrator McDonald is res judicata regarding the submission decided by arbitrator Selchick.
On September 2, 1999 the state employer filed a cross-application to confirm the arbitration award of arbitrator Selchick.
 DISCUSSION
The parties agreed at oral argument that this is an unrestricted submission. Unless a submission provides otherwise an arbitrator has authority to decide factual and legal questions and courts will not review the evidence or, where the submission is unrestricted, the arbitrator's determination of legal questions. Bic Pen Corporation v. Local 134, 183 Conn. 579, 584
(1981). A court is bound by an award unless it "falls within the prescriptions of Section 52-418 of the General Statutes or procedurally violates the parties agreement." CostelloConstruction Company v. Teamsters Local 599, 167 Conn. 315, 318
CT Page 2571 (1974).
The union argues that the award should be vacated because it is contrary to and amends the provision of the parties collective bargaining agreement. It appears to the court that this claim by the union in this case is little more than a paraphrase of the claim that it doesn't agree with the second arbitration. The parties provided the arbitrator with an unrestricted submission. Under these circumstances, the arbitrator is not required to decide the issue presented to him in accordance with law. The award in such cases is final and binding and cannot be reviewed for errors of law or fact. Town of Trumbull v. Trumbull PoliceUnion Local 1745, Connecticut Council of Police Unions,1 Conn. App. 207 (1984). When the parties allege that the arbitrator exceeded his authority, the focus is on the submission to the arbitrator. The Supreme Court of Connecticut held in New Britainv. Board of Mediation and Arbitration, 178 Conn. 557, 562 (1979):
 "In resolving a claim that the arbitrators exceeded or imperfectly exercised their powers, a court need only examine the submission and the award to determine whether the award conforms to the submission [citation omitted]."
There can be no question that the arbitrator answered precisely the question that was submitted to him. There can be no question that the award conforms to the submission.
The more serious question presented to the court is the preclusive effect, if any, of the earlier determination by arbitrator McDonald. While it is true that arbitrator McDonald found that the state had issued a "service rating" in November, 1994, while it is further true that the contract in question prohibited two "service ratings" in the same year, the issue of whether the 1994 action reviewed by arbitrator McDonald was a "service rating" appears not to have been essential to his decision. It is fair to characterize his determination in this regard as dicta.
More importantly, in Stratford v. International Association ofFirefighters, AFL/CIO Local 998, 248 Conn. 108, 114 (1999) the Supreme Court held:
 "As to the first issue, we hold that the arbitrators are not required to give preclusive effect to the decision of prior arbitrators . . . when the scope of the submission is CT Page 2572 unrestricted, the resulting award is not subject to de novo review even for errors of law so long as the award conforms to the submission [citations omitted]. Because we favor arbitration as a means of settling private disputes, we undertake judicial review of arbitration awards in a manner designated to minimize interference with an efficient and economical system of alternative dispute resolution [citations omitted]. Where the submission does not otherwise state, the arbitrators are empowered to decide factual and legal questions and an award cannot be vacated on the grounds that the construction placed upon the facts or the interpretation of the agreement by the arbitrators was erroneous. Courts will not review the evidence, nor, where the submission is unrestricted, will they review the arbitrators decision of the legal questions involved [citations omitted]." [Emphasis added]
The court holds that the claims preclusion arguments of the union must fail in view of the Supreme Court holding inStratford.
The motion to vacate the arbitration is denied. The motion to confirm the arbitration is granted.
Booth, J.