MICHAELA I. ALEXANDRU *v.* LISA J. CAPPALLI
(AC 24309)

Flynn, Bishop and McLachlan, Js.

Argued February 24—officially released April 13, 2004

*Michaela I. Alexandru,* pro se, the appellant (plaintiff).

*Lisa J. Cappalli,* pro se, the appellee (defendant).

PER CURIAM. The plaintiff, Michaela I. Alexandru, appeals from the judgment of the trial court denying her application to vacate an arbitration award and granting the defendant's motion to confirm the same arbitration award. We affirm the judgment of the trial court.

The plaintiff, by letter dated November 3, 2000, engaged the defendant attorney, Lisa J. Cappalli, to represent her in a dissolution of marriage action. The parties entered into a retainer agreement that set forth an hourly rate of $220 and estimated the cost "absent a trial or extensive discovery or court time, or contested custody" to be "in the range of $4,000-$13,000 if a full divorce case is processed." The agreement further provided that this estimate might have to be revised depending on issues that could arise or changes in the plaintiff's objectives. The agreement also set forth that any disputes over fees would be submitted to binding arbitration by "the Legal Fee Arbitration Board of the Connecticut Bar Association."

The defendant billed the plaintiff for approximately $20,000 in additional fees, exceeding the $35,000 that the plaintiff already had paid the defendant for legal services, and the plaintiff refused to pay the additional sum billed. The defendant then sought binding arbitration concerning the disputed fees. A hearing on this matter took place on April 1, 2003, and both parties were heard. The panel issued an award in favor of the defendant in the amount of $10,052.54.

At a hearing at which both parties were present, the court denied the plaintiff's application to vacate the award of the panel and granted the defendant's motion to confirm the award in the amount of $10,052.54. The court found that the "[m]ovant had full opportunity to present her evidence and arguments to the arbitration

panel. She has failed to establish any of the defects set forth in [General Statutes] § 52-418 (a)."

Our review is guided both by case law and statute. Every reasonable presumption will be made in favor of the arbitrators' acts. *Schwarzschild* v. *Martin*, 191 Conn. 316, 327, 464 A.2d 774 (1983). An arbitration award may not be set aside on a mere showing that the complaining party, or even the court, would have decided the matter differently. *Von Langendorff* v. *Riordan*, 147 Conn. 524, 528, 163 A.2d 100 (1960). An order vacating an arbitration award will be granted, pursuant to § 52-418 (a), only if the court finds any of the following defects: "(1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter was not made." General Statutes § 52-418 (a).

The plaintiff does not allege any violations of subdivisions (2), (3) or (4) of § 52-418 (a), nor does she claim a violation of any strong public policy by virtue of the award's confirmation. She centers her arguments on subdivision (1), which requires that a court vacate an award if "the award has been procured by corruption, fraud or undue means. . . ." General Statutes § 52-418 (a) (1). After a careful review of the record, we conclude that the legal conclusions of the court are both legally and logically correct and that the court's finding that the plaintiff failed to establish the existence of any of the defects that § 52-418 (a) authorizes as grounds to vacate an arbitration award was not clearly erroneous.

See *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 221–22, 435 A.2d 24 (1980).

The plaintiff also claims that the court improperly accepted a memorandum of law during the course of the hearing. We reject this argument because it is within the wide discretion of a court whether and when to accept briefs. See Practice Book § 5-1.

The judgment is affirmed.