EDER BROTHERS, INC. *v.* INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 1040, ET AL.

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE NO. 174858
NEW HAVEN

Memorandum filed February 22, 1980

*Lynch, Traub, Keefe & Marlowe,* for the plaintiff.

*Burton S. Rosenberg,* for the named defendant.

*Carl R. Ajello,* attorney general, and *Michael Lombardo,* assistant attorney general, for the defendant Connecticut Board of Mediation and Arbitration.

O'BRIEN, J. In this matter in which the plaintiff is seeking an order vacating an arbitration award rendered by the state board of mediation and arbi-

tration, the plaintiff alleges that the arbitrators exceeded their power in violation of § 52-418 of the General Statutes and that the arbitrators imperfectly executed their powers in producing an award which was not mutual, final and definite.

At the outset the court is faced with a procedural problem concerning a subpoena duces tecum served upon the chairman of the board of mediation and arbitration panel that heard the matters which are the subject of this action. The defendant state board of mediation and arbitration has moved to quash the subpoena. This motion was dated January 10, 1980. The plaintiff has sought to have the panel chairman testify as to the availability and use of a document listing days worked by the grieving employees and marked as exhibit seven during the board of mediation and arbitration proceedings.

The general rule is that an arbitrator need not submit to deposition questioning on the merits of his decision. *Fukaya Trading Co.* v. *Eastern Marine Corporation,* 322 F. Sup. 278 (E.D. La.); *Gramling* v. *Food Machinery & Chemical Corporation,* 151 F. Sup. 853 (W.D. S.C.). The policy behind this rule was explained in *Gramling* (p. 860) as follows: "The deliberations of an arbitration board are as much a part of the judicial process as the deliberations of a jury and should be zealously protected."

There are several exceptions to this general rule. An arbitrator's testimony is admissible to show what matters were submitted for decision. *Griffith Co.* v. *San Diego College for Women,* 45 Cal. 2d 501, 505. There is no dispute in the present case as to what matter was submitted for decision. Other exceptions to the general rule are that a party may take the testimony of an arbitrator when it implicates the other *party* in the alleged misconduct, partiality, bias or corrupt action, and that a dissenting

arbitrator may testify as to the bias, partiality or other misconduct of the arbitrators who rendered the award. Id. Neither of these exceptions is applicable to the present case.

This court is in possession of the transcript of the entire arbitration proceeding, the submission agreement and the statement of award of the arbitrators. A mere examination of the record will show the matters considered by them and the conclusions reached. The plaintiff is apparently concerned that "Union Exhibit No. 7" may not have been available to the arbitrators. This exhibit is offered into evidence at page sixty-seven of the transcript and is also referred to on page sixty-eight. In the interest of expediting proceedings in this matter, the chairman of the board of mediation and arbitration panel that heard the case has submitted an affidavit stating that the exhibit in question was available to panel members during the hearing. The plaintiff argues that the affidavit does not state that the exhibit was available during the deliberations. As was stated in *Korshalla* v. *Liberty Mutual Ins. Co.*, 154 N.J. Super. 235, 237, "arbitrators ought to be as free as jurors from the nitpicking and rooting-about of lawyers for disappointed parties."

Inasmuch as the chairman has stated that the exhibit was available to the panel members during the hearing and was introduced into evidence properly before the panel, the general rule stated above ought to apply, no relevant exceptions having been shown here. The motion to quash the subpoena is therefore granted.

Regarding the underlying claims of the parties, it must be noted that courts favor arbitration as a means of settling disputes, and arbitration awards are generally upheld except where an award clearly

falls within the proscriptions of § 52-418 of the General Statutes. *Board of Education* v. *Bridgeport Education Assn.*, 173 Conn. 287; *International Union* v. *Fafnir Bearing Co.*, 151 Conn. 650, 653.

Arbitration is a creature of contract and the parties themselves, by the agreement of submission, define the scope of the arbitration. *Board of Education* v. *Bridgeport Education Assn.*, supra; *Connecticut Union of Telephone Workers* v. *Southern New England Telephone Co.*, 148 Conn. 192, 197. As the parties set the limits on the arbitrators' powers, they are bound by the limits they have fixed. Id. Thus, in deciding whether arbitrators have "exceeded their powers" as that phrase is used in General Statutes § 52-418, courts need only examine the submission and the award to determine whether the award conforms to the submission. *Board of Education* v. *Bridgeport Education Assn.*, supra; *United Electrical Radio & Machine Workers* v. *Union Mfg. Co.*, 145 Conn. 285, 289.

In the present case, the submission by the parties was: Do John Scianna, Jack Cogswell and Thomas Ehrler have seniority under the agreement? If so, what shall the remedy be?

The award made by the arbitrators' panel was: "John Scianna, Jack Cogswell and Thomas Ehrler have seniority under the agreement as of the date that their respective one hundred and ten days service were completed. John Scianna, Jack Cogswell and Thomas Ehrler are to receive back pay, fringe benefits and other rights accorded regular employees from the date that their respective one hundred and ten days service were completed. The back pay shall be reduced by unemployment compensation benefits received or wages earned, if any."

On the face of the record, the award conforms to the submission.

The plaintiff argues that the award goes beyond the issue submitted in that it awards seniority and back pay under the old agreement. The award's reference to the "agreement," however, clearly refers to the new contract, the only contract under which those with 110 days' service were given seniority. The back pay awarded obviously refers only to back pay due under the terms of the new contract.

The plaintiff argues that the court must look beyond the submission and the award to determine the "fidelity" of the arbitrators to their obligations.

An arbitrator's fidelity to his duty is tested by comparing the award with the submission in order to determine its conformity thereto. *Board of Education* v. *Bridgeport Education Assn.*, supra; *Norwich Roman Catholic Diocesan Corporation* v. *Southern New England Contracting Co.*, 164 Conn. 472, 477. The award rather than the findings and conclusions of fact controls and, ordinarily, the memorandum of the arbitrator is irrelevant. *Board of Education* v. *Bridgeport Education Assn.*, supra; *International Union* v. *Fafnir Bearing Co.*, 151 Conn. 650, 654. The memorandum, however, may be examined in considering the question of the infidelity of the arbitrator to his obligation. Id. " 'There is no legal doctrine . . . which dictates the exclusions of an arbitrator's opinion or which forbids its examination in the determination . . . whether an arbitrator in his award has demonstrated infidelity to his obligation.' " *Costello Construction Corporation* v. *Teamsters Local 559*, 167 Conn. 315, 319.

After reviewing the arbitration panel's memorandum of decision and the entire transcript of the proceedings, this court still finds no grounds for vacating the award.

The plaintiff contends that the panel rendered its decision based on a "general rule" and "norm" which was not put in evidence by either party. The "general rule" and "norm" language was used by the panel in interpreting a somewhat ambiguous clause in the contract. The panel used this language in indicating that the company's argument that the seniority clause applied only prospectively was "such a departure from the norm that the intention of the parties to discount past service would have to be clearly spelled out." The panel's finding in this respect was entirely proper. It is a general rule that arbitrators who are selected upon the basis of special fitness or knowledge in the field to which a dispute relates, with the evident intention that the process of arriving at a decision should include the exercise thereof in a manner supplementary to such facts as may be established or in connection with a necessary or contemplated factual determination of their own, may, in the absence of other restrictions or controlling evidence, rely wholly or partially upon their own knowledge, or information acquired through a proper use of such knowledge in personal observation or investigation. *Griffith Co.* v. *San Diego College for Women,* 45 Cal. 2d 501.

The plaintiff's argument that the panel ignored contract language concerning "red circle rate" is entirely without merit as is the argument that the award is not final, mutual or definite.

The plaintiff also argues that the panel's failure to render an award within thirty days of the completion of the hearing is a violation of § 52-416 which renders the award null and void. General Statutes § 52-416 is not applicable to arbitration of a grievance between an employer and a union arising under a collective bargaining contract. *Danbury Rubber Co.* v. *Local 402,* 145 Conn. 53.

In view of the foregoing, the plaintiff's application for an order vacating the arbitration award must be, and therefore is, denied.