STEPHEN R. HEMMAN & others[1] *vs.* HARVARD COMMUNITY
HEALTH PLAN, INC., & others.[2]

Norfolk. March 9, 1984. — April 27, 1984.

Present: ARMSTRONG, ROSE, & SMITH, JJ.

*Municipal Corporations*, Group insurance. *Insurance*, Group, Health care
organization. *Error*, Harmless.

General Laws c. 32B, § 16, providing that a governmental employer's con-
tribution toward the monthly premium cost for employees electing bene-
fits provided by a health care organization "shall be the same amount
as" the employer's contribution toward the cost of indemnity type health
insurance coverage, requires that the employer's contribution on behalf
of each employee be equal in dollar amount rather than in percentage
of the premium cost. [72-74]

CIVIL ACTION commenced in the Superior Court Department
on January 25, 1979.

The case was heard by *Strogoff, J.,* a District Court judge
sitting under statutory authority.

*Justin C. Barton,* Town Counsel, for the plaintiffs.

*R. K. Gad, III,* for Harvard Community Health Plan, Inc.
(*Constance M. Hilton,* for Beverly J. Brown & others, with him).

*Mary P. Harrington,* Assistant City Solicitor, for the city
of Salem, amicus curiae, submitted a brief.

SMITH J. The plaintiffs, including the town of Norwood, seek
declaratory relief, pursuant to G. L. c. 231A, concerning a con-
troversy between Norwood and the Harvard Community Health
Plan, Inc. (HCHP), over the proper interpretation of certain sec-
tions of G. L. c. 32B. That statute permits governmental units

---

[1] The town of Norwood and four individuals, all school teachers employed
by Norwood.

[2] Thirteen individuals who are school teachers or C.E.T.A. workers em-
ployed by Norwood.

"to provide group insurance (medical and certain other coverages) to their employees and their employees' dependents." *Watertown Firefighters, Local 1347, I.A.F.F., AFL-CIO* v. *Watertown,* 376 Mass. 706, 710 (1978). *Brooks* v. *School Comm. of Gloucester,* 5 Mass. App. Ct. 158, 159 (1977). The actual controversy involves the rate of contribution that must be made by Norwood to HCHP under G. L. c. 32B, § 16. Norwood contends that its contribution to HCHP premiums should be in the same "percentage" amount as its contribution to traditional indemnity type insurance. The defendants argue that under G. L. c. 32B, § 16, Norwood's contribution must be in the same "dollar" amount as its contribution to traditional indemnity type insurance. After a hearing in the Superior Court, a judge ruled that the defendants' interpretation of G. L. c. 32B, § 16, was correct, issued a declaration that so stated and dismissed the action in all other respects. The plaintiffs have appealed, contending that the judge erred in his interpretation of G. L. c. 32B, § 16, and in allowing certain exhibits in evidence.

Before addressing the specific issues presented by this appeal, a brief review of the history of G. L. c. 32B is appropriate. That statute, inserted in 1955, initially authorized governmental units to purchase group insurance contracts for the benefit of their employees. The premium cost is shared equally by the employee and the governmental unit with the employee's fifty percent being withheld from wages.[3] In 1971, G. L. c. 32B was amended by adding § 16. St. 1971, c. 946, § 5. That addition, if accepted by a governmental unit, authorized its employees to choose between health insurance of the traditional indemnity type such as Blue Cross/Blue Shield and health care benefits provided by a health care organization,

---

[3] General Laws c. 32B, § 7A, authorizes a political subdivision, if it so accepts, to contribute more than fifty percent toward the cost of indemnity coverage. Norwood has not accepted G. L. c. 32B, § 7A. The argument raised in the amicus brief of the city of Salem that, because Norwood has not accepted the provisions of G. L. c. 32B, § 7A, it is prohibited from contributing more than fifty percent of the health care organization's costs is without merit. General Laws c. 32B, § 7A, refers to indemnity type coverage and is irrelevant to the amount of Norwood's health care organization contribution.

such as HCHP. When originally inserted, G. L. c. 32B, § 16, stated that if an employee decided to purchase benefits of a health care organization, the contribution of the political subdivision "toward the total monthly premium cost or rate for coverage [by a health care organization] shall be *the same as* and shall not exceed the governmental unit's contribution for [health insurance of the traditional indemnity type]. . ." (emphasis supplied). In 1976 the Legislature amended G. L. c. 32B, § 16, by inserting the word "amount" in the place shown in the margin.[4]

The events leading up to the filing of this action are not in dispute. Norwood is an employer and a "governmental unit" within the meaning of G. L. c. 32B, as amended. It adopted G. L. c. 32B in 1956 and voted, in 1972, to make HCHP benefits available to its employees under G. L. c. 32, § 16. When Norwood first began contracting with HCHP, that health organization's rates were higher than those of the indemnity type coverage (Blue Cross/Blue Shield) offered by Norwood. At that time Norwood contributed the same dollar amount toward HCHP premium costs as it was contributing toward the indemnity coverage. Later, however, when HCHP's rates moved lower than those of the indemnity type coverage, Norwood changed its contribution toward HCHP's premium costs to an amount equal in percentage to its contribution toward indemnity type coverage. As a result, HCHP sent a notice of termination to Norwood on the ground that Norwood's percentage based contributions to HCHP's benefits were not in accordance with the statutory formula set out in G. L. c. 32B, § 16. Norwood responded with this action.

We agree that G. L. c. 32B, § 16, requires that the contributions of Norwood toward HCHP's premiums must be in the

---

[4] The pertinent part of G. L. c. 32B, § 16, as amended through St. 1976, c. 454, § 2, is as follows: "The governmental unit's contribution toward the total monthly premium cost or rate for coverage under this section [HCHP type coverage] shall be the same *amount* as and shall not exceed the governmental unit's contribution for the health insurance programs provided under sections three, five, and eleven C [indemnity type coverage], such contribution for . . . health insurance being determined from time to time under the applicable sections of this chapter. . ." (emphasis supplied).

same "dollar" amount as its contribution to indemnity type coverage. We base that conclusion on the intent of the Legislature in enacting G. L. c. 32B, § 16, and on an examination of the words contained in the statute.

It is obvious that the purpose of the legislation inserting § 16 is to make available to employees of governmental units the option to elect health care organization coverage, such as HCHP, in place of indemnity type coverage. It is equally obvious that the intent of the Legislature in inserting § 16 was to ensure that the governmental unit is protected from any increased cost over the cost of indemnity type coverage caused by an employee's election to receive HCHP coverage. Although a title of an act cannot control the words of the act, it "may furnish some aid in showing what was in the mind of the [L]egislature." *United States* v. *Palmer*, 16 U.S. (3 Wheat.) 610, 631 (1818). *American Family Life Assur. Co.* v. *Commissioner of Ins.*, 388 Mass. 468, 474 (1983). Here, the title to St. 1971, c. 946, the act which inserted § 16, states that the option to elect health care organization coverage was to be made "with no additional premium charge to the . . . political subdivision." In addition, § 16 initially stated that, if an employee elects health care organization coverage such as HCHP, the governmental unit's contribution "shall be the same as and shall not exceed [its] contribution for the [indemnity health insurance coverage]." The 1976 amendment, adding the word "amount" (see note 4, *supra*) did not, in any respect, change the legislative intent underlying G. L. c. 32B, § 16, but rather made it more emphatic.

It would be inconsistent with this expressed legislative intent for us to adopt Norwood's interpretation of G. L. c. 32B, § 16. For example, if the monthly cost of indemnity type insurance were $50 and the monthly cost of HCHP coverage were $100, Norwood, under its "equal percentage" formula, would be required to pay a $25 contribution for the indemnity type coverage and a $50 contribution toward HCHP coverage. Therefore, under Norwood's interpretation, the employee by electing HCHP coverage, would have caused the governmental unit to pay a premium charge higher than it would pay for in-

demnity type coverage, a situation which is clearly against the intent of the Legislature as expressed in the title to St. 1971, c. 946, and body of G. L. c. 32B, § 16.[5] If, however, the "same dollar amount" formula is used in the example, Norwood would be required to contribute $25 to the indemnity type coverage and $25 to the HCHP coverage.[6] Thus, under HCHP's interpretation the governmental unit contribution for the HCHP coverage is "the same amount" and does "not exceed [its] contribution for the [indemnity type coverage]" and, therefore, is in keeping with the legislative intent.[7] The result is not different if the monthly cost for indemnity type coverage is more than the coverage provided by health care organizations. There is nothing contained in the statute that would require a different interpretation of the same words depending on whether indemnity coverage or health care organization coverage is more expensive from time to time. We have considered the arguments contained in the amicus brief and hold that they are without merit.

The plaintiffs also argue that the judge based his decision, in part, on inadmissible evidence. He permitted the introduction in evidence of three exhibits: two advisory rulings from the Massachusetts Group Insurance Commission, and a list detailing the contributions made by Norwood during the years 1973 through 1979. We do not pass on the question of their admissibility because, even if the admission of the exhibits was erroneous, a point we do not reach, it worked no prejudice to

---

[5] This result is also contrary to the plain meaning of the language of G. L. c. 32B, § 16. Clearly, $25 is not "the same as" $50.

[6] The balance of HCHP coverage would be paid by the employee who is the person who elected the more expensive coverage in the example.

[7] It should be noted that at the time G. L. c. 32B, § 16, was inserted, health care organization coverage such as HCHP was generally more expensive than indemnity type coverage. As long as that state of affairs existed, the "equal percentage" formula now advocated by Norwood would always yield a contribution to health care organization coverage in excess of the indemnity coverage contribution. Yet, the Legislature included in G. L. c. 32B, § 16, the requirement that the contribution to health care organization coverage "shall not exceed the governmental unit's contribution" to indemnity type coverage. It is doubtful that the Legislature would establish a requirement in a statute that could not be met at the time of its enactment.

the plaintiffs. The judge in his findings specifically stated that the advisory rulings constituted a "second basis" upon which he found for the defendants and that without considering the exhibits there was "sufficient support" for his holding. Therefore, the plaintiffs have failed to sustain their burden of showing that the admission of the exhibits, even if erroneous, was prejudicial. *Bermingham* v. *Thomas*, 3 Mass. App. Ct. 742 (1975).

*Judgment affirmed.*