SOMERVILLE TEACHERS ASSOCIATION *vs*. SCHOOL COMMITTEE OF SOMER-VILLE. September 18, 1986. *Arbitration,* Judicial review. *School and School Committee,* Collective bargaining. *Insurance,* Group, Health care organization.

When a Somerville teacher applied for family-plan health insurance coverage through a health care (or "health maintenance") organization (HMO) provided by his employer under G. L. c. 32B, § 16, the defendant (school committee) refused to allow him anything more than individual HMO coverage because his wife, who was also a Somerville employee, was already covered for family-plan, indemnity-type health insurance coverage provided under G. L. c. 32B, § 5. The school committee's refusal was based on the third paragraph of § 16, which states in part: "All persons eligible for the insurance provided under [§ 5] shall have the option to be insured for the services of [an HMO] under this section but shall not be insured for both." G. L. c. 32B, § 16, as inserted by St. 1971, c. 946, § 5. The plaintiff (teachers' association) sought arbitration, claiming that the teacher was entitled under the collective bargaining agreement to the refused coverage. The arbitrator, however, agreed with the school committee that the statute prohibited coverage of the same family under both indemnity-type and HMO-type family plans. The teachers' association appeals from a judgment confirming the arbitrator's award.

On general principles a court usually will not review an arbitrator's decision for most errors either of fact or of law. *Concerned Minority Educators of Worcester* v. *School Comm. of Worcester,* 392 Mass. 184, 187-188 (1984), and cases cited. *Everett* v. *Teamsters Local 380,* 18 Mass. App. Ct. 137, 139 (1984). There may be some question as to the applicability of the general principles where the arbitrator's decision is based, as it is here, solely on what the arbitrator determines to be the overriding effect of a statute. See *Alexander* v. *Gardner-Denver Co.,* 415 U.S. 36, 56-57 (1974); *School Comm. of Hanover* v. *Curry,* 3 Mass. App. Ct. 151, 156 (1975); *Blue Hills Regional Dist. Sch. Comm.* v. *Flight,* 10 Mass. App. Ct. 459, 467-468 (1980), *S.C.* 383 Mass. 642 (1981). In any event, we think the arbitrator's interpretation of § 16 was correct. The teacher's election of family-plan HMO coverage would result in coverage of his wife (as well as any children) under both the indemnity plan and the HMO plan in violation of the plain terms of the statute.[1] The statutory purpose of preventing the HMO option from creating additional costs for the governmental employer is evident throughout § 16,[2] see *Hemman* v. *Harvard Community*

---

[1] Permitting the teacher to purchase individual HMO coverage presumably results in double coverage for him, but no party to these proceedings has argued that this more restricted duplication violates the statute.

[2] E.g., see the sentence of § 16 next following the sentence quoted in the text: "The governmental unit's contribution toward the total monthly premium cost or rate for coverage under this section shall be the same amount as and shall not exceed

*Health Plan Inc.,* 18 Mass. App. Ct. 70, 73 (1984); and that purpose would be defeated if governmental employees who are part of the same family unit were exempted from the proscription against double coverage. Compare 805 Code Mass. Regs. 9.12 (1981), specifically precluding Commonwealth employees who are husband and wife from electing separate family coverages as part of their employee benefits.

As § 16 is not one of the statutes enumerated in G. L. c. 150E, § 7 (*d*), its mandate would override any contrary provision in the collective bargaining agreement. *School Comm. of Holyoke* v. *Duprey,* 8 Mass. App. Ct. 58, 63-64 (1979). *National Assn. of Govt. Employees Local R1-162* v. *Labor Relations Commn.,* 17 Mass. App. Ct. 542, 544 (1984).

*Judgment affirmed.*

*Americo A. Salini, Jr.,* for the plaintiff.
*Philip Collins,* Special Assistant City Solicitor, for the defendant.

the governmental unit's contribution for the health insurance programs provided under [§§ 3, 5, and 11C] . . . ." G. L. c. 32B, § 16, as amended by St. 1976, c. 454, § 2.