Dohoney, J.
This case involves a determination of certain issues relative to the power of an arbitrator to award damages.
The fact pattern giving rise to this issue is quite common. The plaintiffs purchased a home from the defendant Grovecrest Corporation. The Purchase and Sale Agreement contained a warranty provision and an arbitration clause. Certain disputes arose as to the construction. Suit was started by the plaintiffs against both defendants. The defendant Grovecrest Corporation filed a third party complaint against the third party defendant seeking certain escrow funds. During the pendency of the case, the matter was referred to arbitration. On January 18,1986, the arbitrator found for the plaintiff against Grovecrest Corporation and Bradgate Corporation for eighteen thousand dollars ($18,000). The defendants filed a motion to vacate the arbitrator’s award. The basis for their motion was that there was no evidence of damages that could be sufficient to justify an award of $18,000. The motion judge denied the motion to vacate the arbitrator’s award. The defendants then filed a *20 request for report and draft report. The motion judge filed a report.
This case initially presents certain jurisdictional difficulties. Although neither party briefed or argued anyjurisdictional aspects, there appears to be grave doubt as to the jurisdiction of the District Court Department to act on a motion to vacate an arbitration award. General Laws, Chapter 251, Section 12 provides that “Upon application of a party, the court shall vacate the award if.....” (Emphasis supplied). General Laws, Chapter 251, Section 16 provides that “The term ‘court’ means any court of competent jurisdiction of this state”. No further provision is made except that General Laws, Chapter 251, Section 17 provides for venue and speaks only of the Superior Court. The present version of General Laws, Chapter 251 is apparently modeled after the Uniform Arbitration Act. However, the previous versions of General Laws, Chapter 251 contain numerous references to the Superior Court. Moreover, General Laws, Chapter 218, Section 19 relative to the civil jurisdiction of the District Court and other statutory provisions give no specific authorization in this regard. Thus, there is grave doubt about the jurisdictional ability of the District Court to entertain a motion to vacate an arbitrator’s award. However, since this was not raised or briefed by either party, we will not pass upon it.
The most recent statement concerning the power and scope of judicial review in arbitration matters is set forth in Marino v. Tagaris, 395 Mass. 397 (1985) as follows:
1. Power and scope of judicial review. The Uniform Arbitration Act, as set forth in G.L. c. 251, was designed ‘to further the speedy, efficient, and uncomplicated resolution of business disputes with very limited judicial intervention or participation.’ Floors, Inc. v. B.G. Danis of New England, Inc., 380 Mass. 91, 96(1980). See Quirk v. Data Terminal Syss., Inc., 379 Mass. 762, 767(1980). Therefore, this court has frequently emphasized the ‘narrow scope of judicial review’ of proceedings commenced under that statute. Trustees of Boston & Me. Corp. v. Massachusetts Bay Transp. Auth., 363 Mass. 386, 390(1973). See Lawrence v. Valzarano, 380 Mass. 18, 28(1980); Greene v. Mari & Sons Flooring Co., 362 Mass. 560, 562-563 (1972). See also Bernard v. Hemisphere Hotel Management, Inc., 16 Mass. App. Ct. 261, 263(1983). In general, we will inquire into an arbitration award to determine only if the arbitrators have exceeded their authority, or have decided the matter based on “fraud, arbitrary conduct, or procedural irregularity in the hearings.’ Greene v. Mari & Sons Flooring Co., supra at 563. To do otherwise would undermine the predictability, certainty, and effectiveness of the arbitral forum that has been voluntarily chosen by the parties. See Quirk v. Date Terminal Syss., Inc., 394 Mass. 334, 339(1985); Lawrence v. Falzarano, supra at 29.
Thus, under Massachusetts law, judicial review of an arbitration award is confined to certain narrow grounds; arbitration may not award relief of a nature that offends public policy or which directs or requires a result contrary to express statutory provision or otherwise transcends the limits of the contract to which the agreement to arbitrate is but a part; however, within those bounds and within the limits of the agreement to submit to arbitration, arbitrators have broad authority to establish a balance between the parties and if arbitrators, in assessing damages, commit an error of fact or law, but do not overlap the limit of the issues submitted to them a court may not substitute its judgment on the matter. City of Lawrence v. Falzarano, supra. See also Somerville Teachers v. Somerville School Committee, 22 Mass. App. Ct. 995(1986). Thus, precedent clearly establishes that arbitration awards are *21 viewed with great deference, which judicial deference extends to the area of remedies.
However, whether an arbitrator acted in excess of the authority conferred on him is an issue that is always open for judicial review. Trustees of Boston and Maine Corp. v. Mass. Bay Transportation Authority, 363 Mass. 386(1973). Such review is confined to the award itself, because in the absence of fraud, the manner in which the arbitrator reached his her decision is of no relevance. More specifically, it has been held that, absent fraud, an arbitrator's decision is binding even though he/she has committed an error of fact or law in arriving at that decision, City of Worcester v. Borghesi, 19 Mass. App. 661(1985); McGovern v. Middlesex Mutual Insurance Co., 359 Mass. 443(1971); Glenn Acres, Inc. v. Cliffwood Corp., 353 Mass. 150(1967); and even a grossly erroneous decision is binding absent fraud.
Appellant contends that by awarding damages in excess of the evidence submitted at the arbitration hearing held on January 31, 1986, the sole arbitrator exceeded the scope of his authority. At said hearing the arbitrator heard testimony from plaintiff appellee and his expert and defendant appellant and their expert. The arbitrator also viewed the home in question with an eye toward assessing such damage as was said to arise under appellant’s extended warranty against defects in workmanship or materials. Additionally, four pieces of written evidence were submitted: one home inspection report and three damage repair estimates, said estimates totaling approximately nine thousand and five hundred dollars ($9,500). It should be noted that these individual estimates were allegedly duplicative to some extent as to that work which was necessary to rectify any defects in workmanship or materials. The arbitration award was issued in the amount of eighteen thousand dollars ($18,000). Appellant argues that the amount of said award was in excess of the evidence submitted at the arbitration hearing, and as such is indicative of the fact that the arbitrator exceeded his authority. Therefore, the argument continues, the Trial Court erred in denying the motion to vacate such award pursuant to G.L. c. 251 § 12 (a) (3). We hold that the Trial Court did not so err.
The measure of damages is a question of fact for the arbitrator. Thus, the damages which were actually assessed as resultant from breach of said warranty can properly be labeled a question of fact for the arbitrator, which issue was clearly within his authority. As previously stated, where an arbitrator in assessing damages commits an error of fact or law, but does not overstep the limits of the issues submitted to him/her, a court may not substitute its judgment on the matter. City of Lawrence v. Falzarano, 380 Mass. 18(1980). One cannot say that in the present case the arbitrator overstepped the issue of breach of warranty as submitted to him, as the record shows no support for such contention. Additionally, there has been no allegation of fraud on the part of the arbitrator. The record, being devoid of any proof of fraud or excession of authority via overstepping the issue of warranty, affords no basis for judicial review of this arbitration award. Rather, we are faced with a claim of a potential error of fact or law, which, even if utilized in arriving at the arbitration award is binding in the present case.
Additionally, an arbitrator may draw upon his experience and expertise. See The Guldborg, 1F. Supp. 380(1932). In that case, the court stated that:
One of the chief merits claimed for arbitration as a method of getting controversies is the opportunity of having the matter decided by experts in the particular field. Therefore, it is not an impropriety for an arbitrator to draw upon his general experience in deciding the *22 dispute before him. In submitting a dispute to arbitration, the parties must have had it in mind that the expertness of the arbitrator would contribute an element of value toward a just and fair solution of a particular dispute. Id. at 381.
Thus, it is a general rule that arbitrators who are selected upon the basis of their special fitness or knowledge in the field to which a dispute relates, may, in the absence of other restrictions or controlling evidence, rely wholly or partially upon their own knowledge or information acquired through personal observation or investigation. See also Eder Brothers, Inc. v. International Brotherhood of Teamsters, Local 1040, 36 Conn. Sup. 223, 416 A.2d. 702(1980).
It is no answer for the appellant to claim that here the arbitrator may have awarded punative or treble damages. It is true that the arbitrator did deny appellant’s request for a detailed finding regarding the damages awarded. But see Trustees of Boston and Maine Corp. v. Ma. Bay Transportation Authority, 363 Mass. 386(1973); Fidelity and Casualty Co. of N.Y. v. Cooke, 367 Mass. 763(1970) wherein the courts stated that neither the Uniform Arbitration Act for Commercial Disputes nor statutory provisions require that the arbitrator include a statement of reasons for the award or the findings of fact or conclusions of law on which it is based. Also, arbitrators are no more bound to go into particulars and assign reasons for their award than a jury is for its verdict; rather, the duty is best discharged by a simple announcement of the result of the arbitrator’s findings. Fazio v. Employer’s Liberty Liability Assurance Corp. Ltd., 347 Mass. (2541964).
In conclusion, it should be noted that the object of an arbitration hearing is ordinarily to settle the entire controversy out of court, Baldwin v. Moses, 319 Mass. 401 (1946), as it provides a simplified procedure for settling commercial disputes, Floors, Inc. v. B.G. Danis of New England, Inc., 380 Mass. 91(1980). Therefore, if the purpose of arbitration is to permit a relatively quick and inexpensive resolution of contractual disputes by avoiding the expense and delay of extended court proceedings, then judicial review of an arbitration award should be, and is, very narrowly limited.
There being no error, the report is hereby dismissed.