SCHOOL COMMITTEE OF PEABODY *vs.* PEABODY
FEDERATION OF TEACHERS LOCAL 1289, MFT, AFT,
AFL-CIO.

No. *90-P-982.*

Essex. November 21, 1991. - January 30, 1992.

Present: BROWN, PORADA, & GREENBERG, JJ.

*Insurance*, Group, Health care organization. *School and School Committee*, Collective bargaining.

An arbitrator's interpretation of G. L. c. 32B, § 16, determining that a school committee had violated its collective bargaining agreement by denying a school teacher family plan health insurance through a health maintenance organization (HMO) because he was already covered under family plan indemnity health insurance provided his wife by her private employer, did not require the school committee to engage in conduct prohibited by law, and, consequently, the teacher was entitled to coverage through an HMO for himself and his family in these circumstances. [51-53]

CIVIL ACTION commenced in the Superior Court Department on October 5, 1989.

The case was heard by *John T. Ronan*, J.

*Daniel B. Kulak*, Assistant City Solicitor, for the plaintiff.

*Jeffrey W. Jacobsen* for the defendant.

PORADA, J. In a grievance arbitration proceeding, the arbitrator determined that the Peabody school committee had violated its collective bargaining agreement by denying a Peabody school teacher family plan health insurance through a health maintenance organization (HMO) because he was already covered under family plan indemnity health insurance (Blue Cross/Blue Shield) provided his wife by her private employer. The school committee sought to vacate the award in the Superior Court on the ground that the award required the school committee to violate the provisions of

G. L. c. 32B, § 16. The judge in the Superior court entered a judgment confirming the award, and the school committee filed this appeal. We affirm the judgment.

The facts are not in dispute. The teacher began working for the school committee in 1970. His wife worked for a local bank, which provided Blue Cross/Blue Shield family plan insurance. The teacher elected to be covered under his wife's plan and notified the school committee that he declined coverage pursuant to the provisions of G. L. c. 32B, § 4. In 1987, he decided that an HMO under contract with the city provided better coverage than that available under his wife's plan, and he applied for this HMO coverage for his family and himself with the school committee. At that time, the school committee gave its employees the option of coverage through traditional indemnity health insurance (Blue Cross/Blue Shield) or coverage through an HMO. The city had accepted the provisions of G. L. c. 32B, § 16, which allow a governmental entity to offer participation in an HMO in place of traditional indemnity health insurance.

The school committee rejected the teacher's application on the ground that he was covered under his wife's Blue Cross/Blue Shield plan. The Peabody Federation of Teachers filed a grievance on behalf of the teacher under its collective bargaining agreement with the school committee. When the matter was not resolved by the grievance procedure, the parties submitted the dispute to binding arbitration.

Under G. L. c. 150C, § 11(a)(3), an arbitrator's award must be vacated if it requires a person to engage in conduct prohibited by State law. The school committee contends that the arbitrator's award would require the school committee to violate the provision of G. L. c. 32B, § 16, as inserted by St. 1971, c. 946, § 5, which reads in pertinent part as follows:

> "All persons eligible for insurance provided under section five shall have the option to be insured for the services of a health care organization under this section but shall not be insured for both. . . ."

We do not agree. It strikes us as abundantly apparent from this text, as well as the statutory scheme of G. L. c. 32B, that the word "both" refers to HMO coverage under § 16 and traditional indemnity health insurance under § 5 for the same employee of the public employer. See *Hemman* v. *Harvard Community Health Plan, Inc.*, 18 Mass. App. Ct. 70, 71-72, 73 (1984), for a brief review of the history of G. L. c. 32B. Under § 16, if the teacher were eligible for coverage under § 5, he could choose to be insured under an indemnity plan or an HMO but not both. *Id.* at 73.

Section 5 does not prescribe eligibility for coverage in a traditional indemnity type health insurance. It simply provides, in pertinent part (as amended by St. 1986, c. 705, § 1), that "[t]he schedules of hospital, surgical, medical, dental and other health insurance benefits and the amount to be provided each employee and his dependents shall be determined by the appropriate public authority subject to the amount of the appropriation made available for such purpose . . . ." The arbitrator ruled that the teacher was automatically eligible for insurance under § 5 because G. L. c. 32B, § 4 (as appearing in St. 1986, c. 705, § 1), provides that "[e]ach employee shall be automatically insured for . . . group general or blanket insurance, providing hospital . . . and other health insurance benefits" unless he should notify his employer in writing that he did not desire coverage.

This interpretation of § 5, construed together with § 4, accords with the purpose of G. L. c. 32B, which is to permit "governmental units 'to provide group insurance . . . to their employees and their employees' dependents'" (citations omitted). *Hemman* v. *Harvard Community Health Plan, Inc.*, 18 Mass. App. Ct. at 70-71. The school committee argues, however, that coverage is not automatic, because G. L. c. 32B, § 2(*d*),[1] grants to the committee the right to determine the eligibility of an employee. In support of its argu-

---

[1] General Laws c. 32B, § 2(*d*), defines the word "employee" and also provides, in the same subsection, in pertinent part (as appearing in St. 1958, c. 580): "A determination by the appropriate public authority that a person is eligible for participation in the plan of insurance shall be final."

ment, the school committee cites our decision in *Somerville Teachers Assn.* v. *School Comm. of Somerville*, 22 Mass. App. Ct. 995 (1986). The committee's reliance on the *Somerville* case is misplaced. There we upheld an arbitrator's award affirming the school committee's refusal to allow a school teacher to obtain family plan health insurance coverage through an HMO because his wife, who was also an employee of the city of Somerville, was already covered under a family plan indemnity health insurance plan provided by the city under G. L. c. 32B, § 5. We concluded that G. L. 32B, § 16, precluded coverage of the same family under both an indemnity health insurance policy and an HMO plan provided by the same public employer. In the present case, the teacher was not covered by any existing indemnity health insurance plan provided by his public employer.

In any event, § 2(*d*) does no more than authorize the city to make a determination whether an individual employee qualifies under the statutory standard set forth in § 2(*d*). *Lexington Educ. Assn.* v. *Lexington*, 15 Mass. App. Ct. 749, 752 (1983). Here, the teacher met the statutory definition of an employee of the city under § 2(*d*).

In sum, we conclude that the arbitrator's interpretation of § 16 does not require the school committee to engage in conduct prohibited by law. The teacher is entitled to coverage through an HMO for himself and his family even though he is covered as a dependent under his wife's Blue Cross/Blue Shield plan provided by her private employer.

*Judgment affirmed.*