[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 1277
 (Application to Vacate Arbitration Award) (Application to Confirm Arbitration Awards)
On June 14, 1999, the Seymour Education Association (hereinafter the "Association") filed a grievance with the Seymour Board of Education (hereinafter referred to as the "Board") alleging that the Board violated the parties' collective bargaining agreement by failing to appoint Frances DeVito to the position of sophomore class advisor.
The grievance that is the subject of this action was processed through the contractual grievance procedure but was not resolved. The Association thereafter submitted the grievance to the American Arbitration Association. An arbitration hearing was held on March 22, 2000, and on June 6, 2000, the arbitrator rendered an award in favor of the Association, finding that the Board had violated[1] Article XII, Section J of the Agreement when it failed to appoint Frances DeVito as the sophomore class advisor. As a remedy the arbitrator ordered the Board to pay the grievant the amount of pay she lost because the Board failed to appoint her for the 1999-2000 school year. In addition, the arbitrator ordered the Board to offer Ms. DeVito the position of sophomore class advisor for the 2000-2001 school year.
The plaintiff Board of Education has moved to vacate the arbitration award pursuant to Connecticut General Statutes § 52-418, while the defendant Seymour Education Association has filed an Application to Confirm said award pursuant to Connecticut General Statutes[2] §52-417. The Association also seeks attorney's fees and costs from the Board pursuant to Connecticut General Statutes § 10-153m.
In moving to vacate the arbitration award the plaintiff Board argues that said award violates Connecticut General Statutes § 52-418(A)(4) in that the arbitrator exceeded his powers in making his decision by misconstruing and misinterpreting the Agreement. The Board additionally argues that the arbitration award violates Connecticut General Statutes, Section 52-418(A)(4) in that the arbitrator exceeded his powers, as the award violates the public policy of the State of Connecticut.
 I.
Connecticut General Statutes § 52-418(a) provides in part as follows:
 (a) Upon the application of any party to an arbitration, the superior court for the judicial CT Page 1278 district, in which one of the parties resides. . . .shall make an order vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter was not made."
Arbitration awards are generally upheld unless the award is clearly defective under Connecticut General Statutes § 52-418. Norwich RomanCatholic Diocesan Corp. v. Southern New England Contracting Co.,164 Conn. 472, 475 (1973); Board of Education of the City of Bridgeportv. Bridgeport Education Association, 173 Conn. 287, 290 (1977); EderBros. v. International Brotherhood of Teamsters, Local 1040,36 Conn. Sup. 223, 225-226 (1980)
"Every reasonable presumption and intendment will be made in favor of the award and of an arbitrator's acts and proceedings." Bic Pen Corp. v.Local No. 134, United Rubber, Cork, Linoleum and Plastic Works ofAmerica, 183 Conn. 579, 585 (1981). A court should liberally construe an award to uphold its validity. Gary Excavating Co. v. North Haven,160 Conn. 411, 413 (1971).
In deciding whether an arbitrator has exceeded his powers, the court need only examine the submission and the award to determine whether the award conforms to the submission. Board of Education v. AFSCME,195 Conn. 266, 271 (1985); Board of Education for the City of Waterburyv. Waterbury Teachers Association, 174 Conn. 123, 127 (1977).
The parties in this matter agreed upon the issue to be submitted to the arbitrator and the arbitrator's award conforms to the submission because the arbitrator answered the exact question posed to him. Additionally, because the submission to arbitration was unrestricted, the award is not subject to judicial review for errors of law or fact.
The submission to arbitration is "unrestricted" when it does not contain "conditional language". Bic Pen Corp., supra, 584-585. The parties have thus empowered the arbitrator to decide both factual and legal disputes. Norwich Roman Catholic Diocesan Corp. v. Southern NewCT Page 1279England Contracting Co., supra, 477.
 Arbitrators, being customarily chosen by the parties because of special knowledge or skill in connection with the matter to be decided, are not bound to follow strict rules of law, unless it be made a condition of the submission, but are expected to determine the questions presented to them in light of their own special skill and knowledge.
 Liggett v. Torrington Building Co., 144 Conn. 425, 432
(1932)
The defendant has pointed out to the court there is an exception to the court's limited rule in reviewing an award under an unrestricted submission. This exception exists when the arbitrator's decision discloses a patent disregard to his obligations under the contract. While a court may examine the memorandum of the arbitrator to determine if he was faithful to his obligations, the result reached by the award will control unless the memorandum patently discloses an infidelity to the obligations imposed upon the arbitrator. New Britain v. Conn. State Boardof Mediation and Arbitration, 178 Conn. 557, 562 (1979); Darien EducationAssociation v. Board of Education, 172 Conn. 434, 438 (1977).
The court agrees with the defendant Association that the analysis of the collective bargaining agreement by the arbitrator was analytical and thorough and is so reflected in the arbitrator's memorandum of decision. There is no evidence that the arbitrator ignored the Agreement provisions or failed to review the Agreement as a whole. His decision was not based on whim or caprice. The fact that the plaintiff is dissatisfied with the decision is not a basis for the court to review the arbitrator's findings on the factual and legal issues and to substitute the court's own judgment for that of the Arbitrator.
 II.
The plaintiff seeks to vacate the arbitrator's award on the basis that it violates public policy because requiring the Board to offer the grievant the extracurricular position in the 2000-2001 school year violates the Board's authority to maintain charge of the schools pursuant to[3] Connecticut General Statutes § 10-220(a) as amended by Public Act 00-157; and that requiring the Board to award the grievant the pay she would have received had she been appointed for the 1999-2000 school year, violates the public's interest in not having a municipality pay twice for the same services. CT Page 1280
When a challenge to the arbitrator's authority is made on public policy grounds the court is not concerned with the correctness of the arbitrator's decision, but rather, with the lawfulness of enforcing the award. Accordingly, the public policy exception to an arbitrator's authority should be narrowly construed. A court's refusal to enforce an arbitrator's interpretation of collective bargaining agreements is limited to situations where the contract as interpreted would violate some explicit public policy that is well defined and dominant. It is to be ascertained by reference to the law and legal precedents and not from general considerations of supposed public interests. State v. AFSCME,Council 4, Local 387, AFL-CIO, 252 Conn. 467, 474-475 (2000). "The party challenging the award bears the burden of proving that illegality or conflict with public policy is clearly demonstrated." Id. at 474-475.
In determining whether the public policy exception applies to a challenge to an arbitration award based upon a violation of public policy, the court must apply a two step test. First, the court determines whether the party challenging the award has established that some explicit, well-defined and dominant public policy has been implicated and that the party has a legitimate and colorable basis for a challenge; and, if so, in applying a de novo standard of review, has that policy, in fact, been violated. Schoonmaker v. Cummings and Lockwood ofConnecticut, P.C., 252 Conn. 416, 429 (2000).
The plaintiff claims that the arbitration award, requiring that the board offer the grievant the sophomore class advisor position in the succeeding school year, is violative of the clear public policy underlying[4] General Statutes §§ 10-4(a) and 10-220(a) as amended, which vest local school boards with the sole authority to maintain charge of the schools, implement educational policy and employ and dismiss teachers. While local school boards are vested with wide discretion in furtherance of their duties as policy makers on educational matters pursuant to § 10-220(a) as amended, that discretion must be considered in light of the Teacher Negotiation Act (TNA), Connecticut General statutes §§ 10-153a-153n, which has been interpreted to divest boards of some of that discretion. West Hartford Education Assn., Inc.v. DeCourcy, 162 Conn. 566, 573-76, 295 A.2d 526 (1972).
In the context of extracurricular activities, the "board of education alone is empowered to determine whether there shall be extra-curricular activities and what such activities shall be" because these types of subjective decisions inherently concern educational policy. West HartfordEducation Assn., Inc. v. DeCourcy, supra, 162 Conn. 586 The assignment of teachers to extracurricular activities and the compensation to be provided for such extracurricular activities, on the other hand, affect "salaries" and "conditions of employment," which are mandatory subjects CT Page 1281 of negotiation pursuant to[5] Connecticut General Statutes § 10-153g. They do not implicate the public policy considerations of Connecticut General Statutes § 10-220(a) as amended. Id., 586-87.
Because the assignment to, and compensation for, extracurricular activities are matters that are subject to negotiation between the parties and not matters solely within the province of the board pursuant to Connecticut General Statutes § 10-220(a) as amended, the plaintiff has failed to raise a legitimate and colorable claim that the arbitration award violates some explicit and well established public policy. Therefore de novo review of the arbitration award is not warranted, and the application to vacate the award should be denied.
The plaintiff also claims that awarding the grievant the pay she would have received, had she been appointed to the extracurricular position, violates public policy because it is not in the public interest to require a municipality to pay twice for the same services. The public policy exception is a narrow one and is reserved for situations in which the arbitrator's interpretation of the contract violates some explicit public policy that is well defined and dominant and is to be derived from constitutions, statutes and legal precedent, rather than from general or supposed public interests. New Haven v. AFSCME, Council 15, Local 530,208 Conn. 411, 417, 544 A.2d 186 (1988). "Where there is no clearly established public policy against which to measure the propriety of the arbitrator's award, there is no public policy ground for vacatur."Schoonmaker v. Cummings Lockwood of Connecticut, P.C., 252 Conn. 429.
The plaintiff cites to Lawrence Brunoli, Inc. v. Branford, 247 Conn. 407,722 A.2d 271 (1999), to support its argument that Connecticut has an express and dominant public policy that municipalities must not pay twice for the same services. Lawrence Brunoli, Inc. v. Branford, supra, however, discusses the policy underlying the municipal competitive bidding statutes. Id., 412-16. In that case, the court held that an unsuccessful bidder has standing, pursuant to the bidding statutes, to seek an injunction but not damages. Id., 412. The court reasoned that allowing a bidder to seek damages, rather than injunctive relief, would subject the taxpayers of the municipality to paying twice for the same work, which is contrary to the purpose of the competitive bidding statutes whose purpose it is to benefit taxpayers and not the individual bidders. Id., 412-13. Lawrence Brunoli, Inc. v. Branford, supra, therefore, is inapplicable to the present case.
The plaintiff has failed to identify any explicit public policy against which to measure the appropriateness of the arbitrator's decision requiring the board to provide the grievant with the compensation she would have received had she been awarded the position. While requiring a CT Page 1282 municipality to pay twice for the same services may not be in the public interest, the public policy exception, requires the challenger to identify more than a public interest. To invoke the public policy exception the challenger must identify an explicit, well defined and dominant public policy that would clearly be violated by confirming the arbitrator's award. State v. AFSCME, Council 4, Local 387, AFL-CIO, supra, 252 Conn. 474-75. In this case, the plaintiff has failed to identify such a policy.
Accordingly, because the plaintiff has failed to satisfy its burden of establishing a legitimate and colorable basis for its challenge to the arbitration award based on public policy grounds, the plaintiff's application to vacate the arbitration award should be denied and the defendant's motion to confirm the award should be granted.
 III.
The defendant Association in requesting that the arbitration award be confirmed and that the request of the Board to vacate the award be denied is also requesting that the defendant Association be awarded a reasonable attorney's fee, to be paid by the plaintiff Board of Education. The defendant Association cites Connecticut General Statutes 10-153m which provides as follows:
 "Sec. 10-153m. Payment of attorney's fees in proceedings to vacate or confirm teacher grievance arbitration awards. In any action brought pursuant to section 52-418 to vacate an arbitration award rendered in a controversy between a board of education and a teacher or the organization which is the exclusive representative of a group of teachers, or to confirm, pursuant to section 52-417, such an arbitration award, reasonable attorney's fees and costs may be awarded in accordance with the following: (1) Where the board of education moves to vacate an award and the award is not vacated, the court may award reasonable attorney's fees and costs to the teacher; (2) where the teacher moves to vacate an award and the award is not vacated, the court may award reasonable attorney's fees and costs to the board of education; (3) where the teacher moves to confirm an award, if the board of education refuses to stipulate to such confirmation and if the award is confirmed, the court may award reasonable attorney's fees and costs to the teacher; (4) where the board of education moves to confirm an award, if the teacher refuses to stipulate CT Page 1283 to such confirmation and if the award is confirmed, the court may award reasonable attorney's fees and costs to the board of education."
The court recognizes its discretion in awarding attorney's fees pursuant to the provisions of Connecticut General Statutes § 10-153m. The Court disagrees with the defendant, which characterizes the plaintiff's application to vacate the arbitration award as "groundless". It is apparent from a reading of the arbitrator's decision that the issues were complex and vexing. The arbitrator's analysis of the conflicting provisions of the collective bargaining agreement, as well as, the Association's lack of challenge to similar situations in prior years, dispels any notion that the Board has acted in bad faith, or in an attempt to block a speedy disposition of a labor dispute. The court, therefore, is exercising its discretion in denying the defendant's request for an attorney's fee.
Accordingly, the court hereby orders that the application to vacate the arbitration award be denied and that the application to confirm said award be granted. The defendant Association's motion for attorney's fees is denied.
THE COURT
by ARNOLD, J.