## AFSCME, COUNCIL 4, LOCAL 1522, AFL-CIO *v.* CITY OF BRIDGEPORT
### (AC 17930)

Schaller, Spear and Dupont, Js.

Argued March 1—officially released June 8, 1999

*Jason W. Cohen*, with whom, on the brief, was *J. William Gagne, Jr.*, for the appellant (plaintiff).

*John P. Bohannon, Jr.*, associate city attorney, for the appellee (defendant).

*Opinion*

SPEAR, J. The plaintiff appeals from the judgment of the trial court denying its application to vacate an arbitration award issued in favor of the defendant city of Bridgeport. The plaintiff claims that the arbitration

award should be vacated because the arbitrators' interpretation of the contract exceeded their authority. We affirm the judgment of the trial court.

The following facts are undisputed. The plaintiff, the American Federation of State, County and Municipal Employees, Council 4, Local 1522 (union), and the defendant city are parties to a collective bargaining agreement. The union filed a grievance on behalf of eight of its members, claiming that the city had violated the agreement by denying holiday pay for certain union members who worked on December 31, 1993, a holiday, but had called in sick the day before the holiday. Section 6.3 of the collective bargaining agreement provides that "[i]f any employee is required to work on a holiday, s/he shall be paid double time plus holiday pay." The city paid these workers double time pay for working on the holiday but did not pay them additional holiday pay.

The grievance proceeded via an unrestricted submission to the state board of mediation and arbitration. Relying on § 6.4 of the agreement, the arbitrators found for the defendant city. Section 6.4 provides in relevant part that "[e]mployees are required to work the day before a holiday and the day after a holiday, as defined in 6.1 in order to receive pay for the holiday . . . ." The plaintiff filed an application to vacate the arbitration award with the Superior Court. In denying the application, the trial court ruled that the arbitrators had not exceeded their powers in violation of General Statutes § 52-418 (a) (4), that the award was derived from the essence of the contract and that the arbitrators had not violated their duty to interpret the contract. This appeal followed.

The plaintiff asserts that the arbitrators' interpretation of the collective bargaining agreement improperly created a new term in the contract, thereby exceeding their powers. According to the plaintiff, the contract

should be construed as follows. If an employee actually works on a holiday, § 6.3 applies and requires double pay plus holiday pay. If an employee does not work on the holiday, only then does § 6.4 apply to determine if that employee is entitled to holiday pay by virtue of having worked the day before and the day after the holiday. By ruling that when an employee works on a holiday, that employee must also work the day before and the day after the holiday to be entitled to full pay pursuant to § 6.3, the arbitrators, in effect, added a new term to the contract. The plaintiff argues that the ruling was improper because article X, § 10.1, of the agreement states in relevant part that "[t]he arbitrators shall not add to nor subtract from the terms of the agreement as written." Even if the plaintiff's interpretation is correct, we disagree that the arbitrators were bound to so construe the contract.

" 'Ordinarily, where the authority to arbitrate devolves from contract, an unrestricted submission carries with it the power to decide, with finality, all issues of fact or law in the proceedings.' *North Haven Assn. of Educational Support Staff* v. *Board of Education*, 209 Conn. 280, 285, 550 A.2d 1077 (1988). Where the submission is unrestricted, this court will not review the arbitrators' determination of questions of law. *O & G/O'Connell Joint Venture* v. *Chase Family Limited Partnership No. 3*, 203 Conn. 133, 154, 523 A.2d 1271 (1987)." *Bodner* v. *United Services Automobile Assn.*, 222 Conn. 480, 501, 610 A.2d 1212 (1992). The plaintiff does not dispute that the submission here was unrestricted.

"Even in the case of an unrestricted submission, we have, however, recognized three grounds for vacating an award: (1) the award rules on the constitutionality of a statute; *Caldor, Inc.* v. *Thornton*, 191 Conn. 336, 344, 464 A.2d 785 (1983), aff'd, 472 U.S. 703, 105 S. Ct. 2914, 86 L. Ed. 2d 557 (1985); (2) the award violates

clear public policy; *Watertown Police Union Local 541* v. *Watertown*, 210 Conn. 333, 339, 555 A.2d 406 (1989); or (3) the award contravenes one or more of the statutory proscriptions of § 52-418." *Garrity* v. *McCaskey*, 223 Conn. 1, 6, 612 A.2d 742 (1992). The plaintiff does not claim either of the first two exceptions. Therefore, we will determine only whether the award violates § 52-418 (a) (4).

Section 52-418 (a) provides in relevant part: "Upon the application of any party to an arbitration, the superior court . . . shall make an order vacating the award if it finds any of the following defects . . . (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." "In deciding whether the arbitrator has exceeded his power under § 52-418 (a) (4), we compare the award with the submission to determine if the award and the submission conform. See *New Haven* v. *AFSCME, Council 15, Local 530*, 208 Conn. 411, 415, 544 A.2d 186 (1988); *Hartford* v. *Local 760*, 6 Conn. App. 11, 13, 502 A.2d 429 (1986). . . . The burden of demonstrating the nonconformity of the award to the submission is on the party seeking to vacate the award. . . . Every reasonable presumption will be made in order to sustain an award." (Citations omitted; internal quotation marks omitted.) *Fraulo* v. *Gabelli*, 37 Conn. App. 708, 716–17, 657 A.2d 704 (1995), cert. denied, 239 Conn. 947, 686 A.2d 125 (1996).

Upon a comparison of the submission to the decision of the arbitrators,[1] we conclude that the arbitrators' decision conforms to the broad unrestricted submission. The plaintiff is essentially offering a different interpretation of the contract. As the trial court noted,

---

[1] The parties submitted the following joint issue: "What disposition shall be made in case number: 9495-A-265?" The arbitrators' award stated that "the grievance must be denied."

however, a mere difference of opinion as to the construction of the contract does not establish that the arbitrators exceeded their authority. Accordingly, the trial court properly denied the application to vacate, correct or modify the award.

The judgment is affirmed.

In this opinion the other judges concurred.