[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: APPLICATION TO VACATE ARBITRATION AWARD (#101) MOTION TO CONFIRM ARBITRATION AWARD (#103)
The present case arises out of a dispute involving the interpretation, of a collective bargaining agreement by an arbitration board. The plaintiff, Local 1042, Council 4, American Federation of State, County and Municipal Employees, AFL-CIO (AFSCME), filed the present application to vacate an arbitration award claiming that an arbitration board exceeded its authority when it concluded that Woody Cooper was not entitled to a transfer to a position as head custodian at Norwalk High School. The defendant, the Board of Education of the City of Norwalk, filed a motion to confirm the arbitration award contending that the arbitration board acted within the scope of the parties' collective bargaining agreement when it concluded that the relevant position constituted a promotion. Based upon the following, the application to vacate the arbitration award is denied, and the motion to confirm the arbitration award is granted. CT Page 6181
According to the undisputed facts, Cooper held the position of head custodian at the West Rock School in Norwalk at the time that a vacancy for a head custodian position occurred at the Norwalk High School. Cooper sought a transfer to the Norwalk High School position. Article XXII of the parties' collective bargaining agreement provides: "Previous benefits mutually agreed to as established practices heretofore and have not been superseded by the provisions of this Agreement, shall be part of the Agreement." According to the plaintiff, it has been an established practice for an individual with the most seniority within a particular job classification to receive priority for a transfer. The plaintiff argues that Cooper is entitled to the head custodian position at the Norwalk High School because of his seniority.
The defendant claims that the position was a promotion. Article XII of the collective bargaining agreement provides in relevant part: "When promotions are made to other than supervisory positions, they shall be made on the basis of ability, fitness, seniority of the employee: No promotion will be made if the employee applying does not meet the minimum qualifications." The defendant used the criteria set forth for promotions in the collective bargaining agreement by considering Cooper's ability and fitness for the position in addition to his seniority. The defendant decided to offer the position to another individual.
The plaintiff filed a grievance on behalf of Cooper with the board of education. That grievance was denied. The parties then submitted their dispute to the State of Connecticut Board of Mediation and Arbitration (the arbitration board) for binding arbitration pursuant to the collective bargaining agreement. The parties provided the following submission to the arbitration board: "Was the Contract violated when Woody Cooper was denied a transfer to Norwalk High School? If so, what shall be the remedy?" The arbitration board conducted a hearing and filed a memorandum of decision along with its award. The award provided: "The contract was not violated when Woody Cooper was denied a transfer to Norwalk High School. The grievance is denied." The arbitration board noted in its memorandum of decision that "[t]he Head Custodian's position at Norwalk High School was considered a promotional opportunity because the work involved a higher degree of responsibility and supervision of a greater number of employees than a normal Head Custodian at either an elementary or middle school is used to supervising. The case was not merely a transfer of a Head Custodian from one school to another, as the Union argued."
The plaintiff filed the present action to vacate the award claiming that the arbitration board exceeded its authority pursuant to the collective bargaining agreement. General Statutes § 52-418 provides CT Page 6182 in relevant part: "Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when the court is not in session, any judge thereof, shall make an order vacating the award if it finds any of the following defects . . . (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." Article IX of the collective bargaining agreement provides in relevant part: "The arbitrators shall not have any power to add to, subtract from, vary, modify or amend the terms of this agreement." The plaintiff insists that the arbitration board only could consider whether the defendant improperly denied Cooper a transfer. By concluding that the Norwalk High School position was a promotion, the plaintiff claims the arbitration board exceeded its authority by creating anew job classification where one does not exist in the collective bargaining agreement.
"The authority to arbitrate is strictly limited by the provisions of the collective bargaining agreement and the scope of the matter to be considered by the arbitrators is limited by the submission. . . . The submission, then, defines the scope of the entire arbitration proceeding by specifically delineating the issue to be decided. . . . In deciding whether the arbitrators have exceeded their powers, this court, as a general rule, examines only the award to determine whether it is in conformity with the submission. The memorandum of the arbitrator is irrelevant. The memorandum of decision may, however, be examined to determine if an arbitrator has exceeded his or her authority by making an award beyond the scope of the submission." (Citations omitted.) Board of Education v. AFSCME, 195 Conn. 266, 270, 487 A.2d 553 (1985). "Every reasonable presumption and intendment will be made in favor of the award and of the arbitrator's acts and proceedings. Hence, the burden rests on the party challenging the award to produce evidence sufficient to show that it does not conform to the submission." (Internal quotation marks omitted.) AFSCME, Council 15, Local 3153 v. Newtown, 49 Conn. App. 443,452, 717 A.2d 759 (1998).
The court concludes that the arbitration board did not exceed the scope of the submission. "Ordinarily, where the authority to arbitrate devolves from contract, an unrestricted submission carries with it the power to decide with finality, all issues of fact or law in the proceedings." (Internal quotation marks omitted.) AFSCME, Council 4, Local 1552, AFL-CIO v. Bridgeport, 53 Conn. App. 703, 704, 734 A.2d 1007
(1999). The plaintiff contends that the collective bargaining agreement does not include a job classification for head custodian at the Norwalk High School. However, the arbitration board interpreted the collective bargaining agreement and concluded that the Norwalk High School position CT Page 6183 constituted a promotion.
Article XIII of the collective bargaining agreement provides: "Bargaining unit employees shall not be entitled, as a matter of right, to transfer within grade more than once per school year, this shall not apply to promotional opportunities." The collective bargaining agreement provided for an additional stipend for the head custodian at the Norwalk High School. While the collective bargaining agreement mentions both promotions and transfers, the agreement does not define those terms. The arbitration board had to determine whether the additional stipend truly made this move a "transfer within grade, " or a promotion. The court concludes that the issue is clearly one involving the interpretation of an ambiguous contract. This is a factual issue that the court cannot disturb. See AFSCME, Council 4, Local 1552, AFL-CIO v. Bridgeport, supra,53 Conn. App. 704. Therefore, the application to vacate the arbitration award is denied.
Having denied the application to vacate the arbitration award, pursuant to General Statutes § 52-417, the court grants the defendant's motion to confirm the arbitration award.
KARAZIN, J.