[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: APPLICATION TO VACATE
Presently before the court is the Application to Vacate filed by the Town of Wallingford on March 15, 2002 pursuant to § 52-418 of the Connecticut General Statutes. Said application should be denied.
Plaintiff is Town of Wallingford, a municipal corporation.
Defendants are Wallingford Police Union, Local 1570 and Council 15, American Federation of State, County and Municipal Employees.
The application by the Town seeks to vacate the arbitration award issued by the State Board of Mediation and Arbitration (SBMA) on February 20, 2002.
The issue submitted to the SBMA by the parties is:
 "Whether the Town violated Article 12 of the collective bargaining agreement when it did not allow Detective Wright's request for contractual funeral leave to attend the funeral of his step father? If so, what shall the remedy be?"
The SBMA made the following award:
 "The Town violated Article 12 of the collective bargaining agreement when it did not allow Detective Wright's request for contractual funeral leave to attend the funeral of his stepfather. Detective Wright is entitled to appropriate compensation provided for in Article 12."
The collective bargaining agreement provides in pertinent part:
 "ARTICLE 12 FUNERAL LEAVE
In the event of death in the immediate family, leave not to exceed three (3) work days, and the immediate family shall include Mother, Father, Sister, Brother, Daughter, Son, CT Page 10219 Husband, Wife, Mother-in-Law, Father-in-Law or any other relative who is an actual member of the household. In case of such relative's death, and burial takes place at a distant location, and the employee does not attend, one (1) day off will be allowed.
 In the event of a death of a grandchild, grandparent, brother-in-law, sister-in-law, or aunt, uncle, niece or nephew of the employee or spouse, three (3) work days will be allowed, provided the employee attends the funeral.
 ARTICLE 15 GRIEVANCE PROCEDURES
SECTION 2 A
 . . . The arbitrator(s) shall conduct the hearing in accordance with the applicable rules and render a decision which shall be final and binding on all parties provided, however, that the full legal rights of the parties in the courts shall not be restricted in any way and that the panel shall not modify, alter, add to or subtract from the provisions of this Agreement."
In its arbitration award, the SBMA found:
 "Police Officer William Wright's Stepfather, not a member of Wright's household, died on June 20, 2000. The stepfather never adopted Wright. The funeral was on July 12, 2000. Wright inquired as to whether he was entitled to funeral leave in this circumstance; Detective Bradley advised Wright that funeral leave under the CBA does not apply to Stepfathers. Wright accepted the City interpretation and used his vacation time to attend funeral arrangements.
The Union, through President Christopher Iovene, filed a grievance (see Exhibit J-2) on July 18, 2000 concluding that `Father should include Stepfather as it is a legal relationship and is an immediate family member `. . . (and) should (not) have to be listed separately to be recognized". This grievance was filed the same day as a meeting between the Union President and Officer Wright, where Wright disassociated himself in writing (Exhibit T-1) as well as verbally with the Union position concluding "The current contract does not allow funeral leave benefits for step relatives'." CT Page 10220
Also in its finding the SBMA stated that Personnel Director, Sullivan negotiated the bargaining agreement and he "`did not recall' whether the Town specially intended to exclude Step-Parents"; and he stated that the issue "has not been raised before" and "in his opinion step parents are not part of the immediate family."
Section 52-418 (a)(4) provides, in pertinent part, that a court shall vacate an award if it finds that the arbitrators "have exceeded their powers". Under the agreement in this case, the panel has the power to decide issues submitted to it and, in doing so, "shall not modify, alter, add to or subtract from the provisions" of the agreement.
The arbitrator's award conforms to the submission. That the Town disagrees with the panel's interpretation of the terms of the agreement does not mean the panel exceeded its power. AFSCME, Council 4, Local1522, AFC-CIOU Bridgeport, 53 Conn. App. 702, 704-705; Franco v. EastShore Development, Inc., 59 Conn. App. 99, 108. The award did not modify, alter, add to or subtract from the terms of the agreement; the panel interpreted and applied the specific language of the agreement in its award on the issue submitted to it.
 __________________________ Ronald J. Fracasse, Judge