[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE APPLICATION TO VACATE ARBITRATION AWARD AND APPLICATION TO CONFIRM ARBITRATION AWARD
Robert N. Lepre and Colleen Lepre want this court to vacate an arbitration award made in favor of Landmark Builders, LLC. They seek relief pursuant to the provisions of General Statutes § 52-418.[1]
The Lepres assert in their application the following claims:(a) the award was procured by corruption, fraud, or undue means; (b) there is evidence of partiality or corruption on the part of the arbitrator; (c) the arbitrator was guilty of misconduct in refusing to consider evidence pertinent and material to the rights of the Lepres; and (d) the arbitrator has exceeded his power. Shortly after the Lepres filed their application for a court order, Landmark Builders, LLC and Jason D. Garner applied to this court, pursuant to General Statutes § 52-417, for an order confirming the arbitration award.[2] For the reasons stated below, the court denies the application to vacate and grants the application to confirm.
The record filed by the parties pursuant to General Statutes § 52-421
shows the following relevant facts. On November 29, 2001, Landmark Builders, LLC demanded that Robert N. Lepre and Colleen Lepre submit to arbitration before the American Arbitration Association. The demand was made under the terms of an arbitration clause that appears in a construction contract entered into by Landmark Builders, LLC and the Lepres. The arbitration clause reads as follows:
 Unless the parties mutually agree otherwise, all claims or disputes between the Contractor and the Owner arising out of, or relating to, the Contract Documents or the breach thereof shall be decided by arbitration in accordance with the current Construction Industry Arbitration Rules of the American Arbitration Association. Notice of the demand for arbitration shall be filed in writing with the other party to the Owner-Contractor Agreement and with the American Arbitration Association and shall be made within a reasonable time CT Page 2230 after the dispute has arisen. The award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.
Landmark Builders, LLC described the nature of the dispute on a form provided by the American Arbitration Association: "Claimant has substantially completed renovations to a single family residence and Respondent has failed and refused to pay Claimant as per contract." A more detailed statement of the claim was submitted with the demand for arbitration.
The Lepres' attorney wrote to the American Arbitration Association and stated that his clients "do not submit to the jurisdiction of the American Arbitration Association . . ." He related that Landmark Builders, LLC did not have standing to bring a claim because it had not complied with the registration requirements of the Home Improvement Act, General Statutes § 20-418 et seq. He also related that Landmark Builders, LLC and Jason Garner were not registered salesmen or contractors on three specified dates.
On December 12, 2001, the American Arbitration Association responded to the above letter with the following advisement:
 The Claimant has met the filing requirements of the AAA. The AAA, as an administrative agency, does not determine arbitrability. This issue will be put before the arbitrator once the arbitrator has been appointed. Absent the parties' agreement or a court order, we will proceed with the administration of the arbitration . . .
On or about January 7, 2002, the Lepres submitted an "Answer of Statement of Claims," which is similar to a lengthy pleading in a civil court case. They set forth a special defense and counterclaims. In this document, the Lepres claimed, among other things, that Landmark Builders, LLC was not registered as a home improvement contractor and that the contract was, therefore, not enforceable in light of the provisions of General Statutes § 20-429 (8).
Landmark Builders, LLC submitted answers and a reply and, on or about February 12, 2002, submitted an "Amendment to Statement of Claim" wherein it asserted facts pertinent to the registration issue and added Jason D. Garner as a claimant. The Lepres filed an "Objection to Amendment." Landmark Builders, LLC filed a lengthy response to the objection wherein it set forth allegations pertinent to the registration and licensing provisions of the Home Improvement Act. By pleading dated March 18, 2002, the Lepres once again set forth their answer to the claims, special CT Page 2231 defenses and counterclaims.
The arbitrator heard the parties' dispute on March 18, 19, 20 of 2002, and issued an award that is dated May 28, 2002. The arbitrator made findings, among which the following are relevant to the present dispute:
 1. At opening of first hearing it was ruled that Claimant would be amended to include Jason Garner, that he and Claimant could be used interchangeably and that he would be personally liable together with the Claimant, for any award that might be granted to the Respondents.
. . .
 7. Respondents breached the contract by not adhering to the "Termination" section of the contract.
The arbitrator awarded Landmark Builders, LLC and Jason Garner $28,742.00 and, in addition, awarded $3,167.30 toward fees and expenses. Finally, the arbitrator stated "This award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby denied."
The submission in this case was unrestricted. "Ordinarily, where the authority to arbitrate devolves from contract, an unrestricted submission carries with it the power to decide, with finality, all issues of fact or law in the proceedings. [Citation omitted.] Where the submission is unrestricted, this court will not review the arbitrators' determination of questions of law." AFSCME, Council 4, Local 1522, AFL-CIO v.Bridgeport, 53 Conn. App. 702, 704, 734 A.2d 1007 (1999). In the case of an unrestricted submission, there are three recognized grounds for vacating an award: (1) the award rules on the constitutionality of a statute; (2) the award violates clear public policy; or (3) the award contravenes one or more of the statutory proscriptions of § 52-418."Garrity v. McCaskey, 223 Conn. 1, 6, 612 A.2d 742 (1992). In this case, the Lepres' grounds for vacating the award track the four statutory proscriptions.
The Lepres' first ground for vacating the award is that the award was procured by corruption, fraud or undue means. See Gen. Stat. § 52-418
(a) (1). The only information on the arbitration proceeding that was submitted to this court is that which is set forth in the record contained in the court files. There is absolutely no evidence whatsoever that the award was procured by corruption, fraud or undue means. CT Page 2232
The Lepres' second ground is that there was evidence of partiality or corruption on the part of the arbitrator. See Gen. Stat. 52-418 (a) (2). The Lepres do not point to any evidence of impropriety or misconduct on the part of the arbitrator or to evidence showing bias or animosity toward any party. Rather, they claim that the arbitrator rendered an erroneous award and claim that this shows that he was partial. "In a review of a claim that an award should be set aside on the ground of partiality, no inquiry can be made into the arbitrators' determination on the merits." Von Langendorff v. Riordan, 147 Conn. 524, 528, 163 A.2d 100
(1960). The record is devoid of any material that indicates partiality or corruption.
The Lepres' third ground is that the arbitrator was guilty of misconduct in refusing to consider evidence pertinent and material to Lepres' rights. See Gen. Stat. § 52-418 (3). Section 52-418 (3) does not mandate "that every failure or refusal to receive evidence, even relevant evidence, constitutes misconduct. [Citations omitted.] To establish that an evidentiary ruling, or lack thereof, rises to the level of misconduct prohibited by 52-418 (a) (3) requires more than a showing that an arbitrator committed an error of law. [Citations omitted.] Rather, a party challenging an arbitration award on the ground that the arbitrator refused to receive material evidence must prove that, by virtue of an evidentiary ruling, he was in fact deprived of a full and fair hearing before the arbitration panel. [Citations omitted.]"OG/O'Connell v. Chase Family Ltd. Partnership No. 3, 203 Conn. 133,149, 523 A.2d 1271 (1987). The record is devoid of any material that shows that the arbitrator refused to receive evidence. The Lepres have not shown that the arbitrator committed an egregious evidentiary error.
The Lepres' fourth ground is that the arbitrator has exceeded his power. See Gen. Stat. § 52-418 (a) (4). "In deciding whether the arbitrator has exceeded his power under § 52-418 (a) (4), we compare the award with the submission to determine if the award and the submission conform. [Citation omitted.] The burden of demonstrating the nonconformity of the award to the submission is on the party seeking to vacate the award . . . Every reasonable presumption will be made in order to sustain an award." [(Citations omitted.) AFSCME, Council 4, Local1522, AFL-CIO v. Bridgeport, supra, at 705. After reviewing the claim, amended claim, answer, special defense and counterclaims, this court finds that the award and the submission conform.
In their brief in support of the application to vacate the award, the Lepres claim, among other things, that the arbitrator improperly ruled that the contract was enforceable, improperly allowed the addition of Garson as a party, ignored the Lepres' claim that the claimants lacked CT Page 2233 standing to pursue their claim, improperly ruled that the Lepres had the responsibility of retaining a structural engineer, ignored statutes that would have prevented the claimants from proceeding with their claim, did not address claims relating to workmanship and materials, ignored aspects of the contract that favored the Lepres, ignored claims of negligence, and misinterpreted the terms of the contract. These issues involve the arbitrator's determination of issues of fact and law that do not come within the recognized grounds for review by this court.
Finally, the Lepres argue that the award should be vacated as being contrary to law and against public policy. This argument is a catch-all claim that incorporates all the Lepres' claims of factual and legal errors including those relating to the Home Improvement Act. "[A]n award that manifests an egregious or patently irrational application of the law is an award that should be set aside pursuant to 52-418 (a) (4) because the arbitrator has `exceeded [his] powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made . . .' The `manifest disregard of the law' ground for vacating an arbitration award is narrow and should be reserved for circumstances of an arbitrator's extraordinary lack of fidelity to established legal principles." Garrity v. McCaskey, supra, at 10. This is not such a case.
The application to vacate the arbitration award is denied.[3]
The application to confirm the award is granted.[4]
THIM, J.